[No. 4662.   Decided October 1, 1903.]

THE CITY OF SPOKANE, *Respondent,* v. PETER COSTELLO et al., *Appellants.*[1]

JUDGMENT—BOND TO SAVE HARMLESS FROM—DUE NOTICE OF SUIT.  A notice to defend a suit given eleven days before the trial of an action against a city for personal injuries, is prima facie "due notice," making the judgment rendered against the city binding upon a contractor, under his bond to save the city harmless therefrom and agreeing to be bound thereby upon "due notice" thereof.

SAME.  Such notice is not conclusive, and it is a good defense to an action on the bond that the notice did not give sufficient time to prepare for trial, that the city did not defend in good faith, and that a meritorious defense to the action existed.

SAME—ACTION TO RECOVER AMOUNT OF JUDGMENT—PROOF OF CONTRACTOR'S NEGLIGENCE—NONSUIT.  In an action on a contractor's bond, conditioned to save the city harmless from all actions and claims for damages arising from the negligence of the contractor and agreeing to be bound by any judgment upon due notice of the suit, the city cannot recover the amount paid out on a judgment for damages, without showing that the negligence complained of in the damage case was the act of the contractor, and no such proof being offered, and the pleadings and record in the damage case failing to connect the contractor therewith, a nonsuit should be granted.

[1] Reported in 74 Pac. 58.

SAME—ESTOPPEL. In such a case, a mere recital in the notice of the pendency of the damage suit is not proof that the negligence was the act of the contractor, nor would such recital operate as an estoppel against him.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered February 11, 1903, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, upon defendants' opening statement to the jury, and after overruling defendants' motion for a nonsuit. Reversed.

*W. S. Gilbert* and *John A. Pierce,* for appellants. The motion for a nonsuit should have been granted. *New York v. Brady,* 24 N. Y. Supp. 296; *S. C.* 28 id. 324; *S. C.* 30 id. 1121. The provision for "due notice" of the suit was intended to secure a reasonable opportunity to defend. *Somers v. Schmidt,* 24 Wis. 421, 1 Am. Rep. 191; *Hersey v. Long,* 30 Minn. 114, 14 N. W. 508; *Boyd v. Whitfield,* 19 Ark. 447.

*John P. Judson* and *A. H. Kenyon,* for respondent.

FULLERTON, C. J.—On September 12, 1899, the city of Spokane entered into a contract in writing with the appellant Costello, whereby the latter, for a consideration mentioned in the contract, undertook to grade and otherwise improve Nora Avenue from Division to Columbus streets, the same being a public street within the corporate limits of the city of Spokane. The contract contained, among others, the following provision:

"It is further agreed between the parties hereto, that during the continuance of the work herein agreed to be done, the party of the second part shall put up and maintain, at all times, such barriers and lights as will effectually prevent the happening of any accidents in consequence of said work for which said first party might be liable;

also that he will keep, save and hold said first party harmless from any and all suits or actions, liabilities, damage and claims for damages which may be brought or in any wise accrue against the said first party in consequence of the granting of this contract or from any act, negligence or omission of said second party, his agents, employees or workmen in the performance of the work under this contract, and said second party hereby assumes all damages occasioned by the digging up, use, or occupancy of said street in the performance of this contract, or which may result therefrom, or which may result from the carelessness or lack of skill of the second party, his agents, employees or workmen. . . ."

Simultaneously with the execution of the contract, the appellants executed and delivered to respondent a bond in the sum of $4,000, conditioned for the faithful performance of the work, and that the obligors should "save the city harmless in each and every respect, and from all claims arising from any cause whatsoever, and shall also save and indemnify and keep harmless the said city of Spokane against all liabilities, judgment and costs and expenses which may in anywise accrue against said city in consequence of the granting of said contract or which may in anywise result from the carelessness or neglect of said principal, his agents, employees or workmen, . . ." The bond also contained the following provision:

"The undersigned principal and surety and each of them, further hereby agree, in consideration of one dollar, to them in hand paid, the receipt whereof is hereby acknowledged, and of the letting of said contract to said principal, as aforesaid, that when any judgment is recovered against said city of Spokane by reason of the carelessness or negligence of said principal, his agents, employees or workmen, in the performance of said contract, and when due notice has been given of the pendency of such suit, such judgment shall be conclusive against them

and each of them, not only as to the amount of damages, but as to their, and each of their liability."

Pursuant to the terms of the contract, Costello entered upon the performance of the work of grading the street, and while he was so engaged, one Philip Born fell into an excavation made in the street, and received certain bodily injuries, to recover for which he afterwards began an action in damages against the city of Spokane. In his complaint he alleged, among other things, that the city of Spokane had been negligent in leaving the excavation, into which he fell and was injured, open and exposed and without any proper protection by guards and lights, but did not aver that the excavation was one made by Costello in the prosecution of the work of grading the street, or refer in any manner to the fact that Costello had a contract for improving the same, or was then engaged in prosecuting the work.

The action was begun on the 7th of March, 1900. The city answered on the 25th day of September, 1900, to which a reply was filed and the case put at issue on October 8, 1900. In neither of these pleadings was any reference made to the fact that appellant Costello had a contract for, or was engaged in, improving the street at the time the injury to Born occurred. On the 26th day of August, 1901, after the cause had been set for trial, the city caused to be served on Costello and his bondsmen a copy of the complaint in the action of Born against the city, and the following notice:

"Spokane, Wash., August 22nd, 1901.
"To Peter Costello, and to American Bonding & Trust Company of Baltimore City:
"You, and each of you, are hereby notified that one Philip Born has commenced an action to recover damages against the city of Spokane for personal injury alleged

to have been sustained by him, by falling into an unguarded excavation on Nora Avenue, in the night time, while you as contractor, were grading the same avenue. A copy of his complaint is herewith served upon you.

"Having given a bond to save the city harmless from any and all damages arising from your failure or neglect to place guards and lights at all excavations made by you, while grading said avenue, you are hereby notified to defend said action, or to take such steps as you may be advised in the matter.

"And you are further notified that you and your bondsmen will be held responsible by the city of Spokane for any and all damages and costs which may be recovered by plaintiff in said action.

"Yours respectfully, John P. Judson,
"Corporation Counsel for the City of Spokane."

The case was tried to a jury on September 7th and 9th, 1901, and resulted in a verdict in favor of Born for the sum of $1,750.50, for which sum, together with costs, a judgment was entered against the city. An appeal was taken to this court from the judgment, where the same was affirmed. 27 Wash. 719, 68 Pac. 386. On April 29th, 1902, the city paid the judgment, and brought this action to recover the amount thereof from the contractor and his bondsmen, alleging in its complaint the facts, in substance, as above recited, and the further fact that Born was injured by falling into an excavation made by Costello while in the performance of his contract with the city, and that the recovery against it by Born was because of the negligent acts of Costello, from which he had, in his contract and his bond, on which the other appellant was surety, undertaken to save the city harmless.

On the trial of the cause, the respondent introduced in evidence the contract between itself and Costello, the bond given to secure the faithful performance of the contract,

the amended complaint in the case of Born against itself, its answer thereto and the reply of Born, the verdict of the jury, the judgment therein, the remittitur from this court sent down after the affirmance of the judgment, the notice to defend the Born action and the service thereof, and proved that it had paid the judgment with costs in the Born case, and then rested. The appellants thereupon moved for a nonsuit, basing their motion on the contention that the city had failed to prove that the judgment in the Born case was recovered because of the negligence, or alleged negligence, of the appellant Costello, while engaged in the performance of his contract to grade the street. The motion was overruled, whereupon the appellants made a statement of their case to the jury, at the conclusion of which the respondent moved for a directed verdict. This motion the court granted, directing the jury to return a verdict for the amount the city had proved it had paid to satisfy the Born judgment, with interest. Judgment was afterwards rendered upon the verdict, and it is from that judgment this appeal is taken.

The appellants' first assignment of error is that the court erred in overruling their motion for a nonsuit. By referring to the conditions of the contract and bond set out, it will be noticed that the contractor and his surety undertook to save the city harmless from all damages it should become liable for because of the negligent performance of the contract by the contractor; and further agreed that, in case an action should be brought against the city for damages growing out of the negligence of the contractor in the performance of his contract, and due notice of the pendency of the action should be given them, and a judgment should be afterwards obtained in the action, such judgment should be conclusive against them, not only

as to the amount of damages recovered, "but as to their and each of their liability."

It is plain, therefore, that if the act of negligence complained of by Born, and for which recovery was had against the city, was the act of the contractor, Costello, while engaged in the performance of his contract, and due notice of the pendency of that action was given the contractor and the bondsman, they cannot now be heard to say that the damages recovered were excessive, or that the act complained of was not in fact negligent, or dispute in any manner the validity of the judgment or their liability to the city therefor. Hence it was not necessary for the city, in order to make a *prima facie* case, to again litigate the question whether the acts complained of were in fact negligent; it was enough for it to show that the act complained of by Born as negligent was the act of Costello, and that due notice of the pendency of that action had been given to Costello and his bondsman. The question for consideration under this assignment is, had the plaintiff, at the time it rested its case, shown these facts?

As to the question of due notice, we think the respondent made a *prima facie* case. It is true that the action was begun in March, 1900, put at issue in October of that year, tried nearly a year later, and that notice of the pendency of the action was not given the appellants until eleven days before the trial; yet the court cannot say, as a matter of law, that no sufficient time was given them to prepare for and present a defense to the action. It must be remembered that the action was primarily against the city, that the city had denied all of the allegations of negligence set out in the complaint, and presumptively had made preparation for a defense based on its denials. It will not be presumed that it neglected that duty, or that it was not

otherwise fully prepared to present, to the court and jury, the facts concerning the transaction as they actually existed. If this were so, there was nothing left for the appellants to do in the way of preparation. If, therefore, as a matter of fact, the city had neglected its duty, or if for any cause the notice given was insufficient, it should have been made to appear affirmatively, before the court would be warranted in saying the judgment was not binding upon the appellants.

The other branch of the question, namely, was there any proof that the act of negligence complained of was the act of the contractor, committed while in the performance of his contract? we think must be answered in the negative. As we said in passing, there was nothing in the complaint, answer, reply, verdict, judgment, or remittitur in the Born case, introduced in evidence, which in anyway connected the contractor with the act of negligence sued upon. The only proof there was at all on the question was the inference that might be drawn from the notice given the contractor and bondsman to come in and defend the action. But, in our opinion, that was insufficient. It was evidence that the city believed then, as it believes now, that the act of negligence complained of by Born was the act of the contractor, and it recited its claim in the notice as it now alleges it in its complaint. But the one is no proof of the other. It was no proof of the allegations of its complaint to introduce its former recital of the fact. Nor does the recital constitute an estoppel because served upon the appellants. It was merely notice of the city's claim, which, should it afterwards be made to appear was a truthful recital, would prevent a further contest on the questions litigated in the Born action. But it must be shown by evidence that the recitals are true; they do not prove them-

selves. At the time the plaintiff had rested, therefore, it had not made a *prima facie* case, and it was the duty of the court to have granted the nonsuit, unless leave should have been obtained therefor and the missing proofs supplied.

The second assignment of error is that the court erred in holding that the facts stated by appellants' counsel did not constitute a defense to the action. In his statement, counsel said, in effect, that the appellants would show the jury that the notice given them of the pendency of the Born action was not given them in sufficient time to prepare a defense to the action, that the city did not defend in good faith, and that a meritorious defense to the action existed. The trial court seemed to conclude that the notice of the pendency of the Born action given the appellants was, as a matter of law, due notice, and hence it was immaterial whether the city defended in good faith, or whether a meritorious defense did or did not exist to that action.

Doubtless, if the notice of the pendency of the action given the appellants be "due notice," within the meaning of that phrase as used in the bond, the court was correct in its holding that the judgment concluded the other questions against the appellants. But, while we hold it *prima facie* sufficient, we think it too much to say that the notice was due notice as a matter of law. It was given, as will be remembered, some seventeen months after the action was begun, nearly a year after it was put at issue, after it had been set for trial, and only eleven days before the time fixed for the trial. Had the appellants been named as defendants in the action, default could not have been taken against them for want of an appearance until twenty days after the date of service; and certainly a shorter

period ought not to be held conclusive as a matter of law, when the parties offer to show, as a matter of fact, that it was not sufficient. The court should have permitted the defendants to make their showing to the effect that the notice given them of the Born action was not in time to enable them to make a defense, and, if they made a *prima facie* case—that is, introduced some substantial evidence upon the question—allowed them to contest anew with the respondent Born's right of recovery, instructing the jury to the effect that they should consider the latter question only in case they found that due notice of the pendency of the original action had not been given the appellants.

The judgment is reversed, and the cause remanded for a new trial.

HADLEY, ANDERS, DUNBAR, and MOUNT, JJ., concur.