[No. 14337.   Department One.   February 6, 1918.]

# THE CITY OF SEATTLE, *Appellant,* v. E. G. SHORROCK *et al., Respondents.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—FINDINGS.  One general exception to the various findings of an action at law tried to the court, is insufficient to raise any question on appeal other than that of the sufficiency of the findings to support the judgment.

MUNICIPAL CORPORATIONS—STREETS—USE—LIABILITY—ESTOPPEL.  A permit, vague in its scope, permitting improvement and use of part of a street as a parking strip, and covenanting to save the city harmless from injury resulting from its exercise, does not estop the city, after acquiescence in such use for years, to say that the whole use was not under the permit, but merely from asserting that a wire stretched across it was a nuisance or unlawful obstruction.

SAME.  Where a passerby slipped and fell upon a steep and icy sidewalk, becoming entangled in a wire stretched near the sidewalk to guard the parking strip, a covenant to indemnify the city for damages resulting from use of the strip did not render the owners liable over to the city, regardless of their own negligence or wrongful act.

SAME — STREETS — LIABILITY OF CITY AND ABUTTER — JOINT TORT FEASORS—CONTRIBUTION—CONCURRING CAUSES.  Where, in an action for damages for injuries sustained through a fall upon a slippery sidewalk, brought against the abutting owner and the city, the court found that the city was negligent in allowing snow and ice to accumulate, in failing to enforce the city ordinances against abutters in such case, in maintaining a steep walk without cleats, and in failing to properly light the street, a further finding that the maintenance by the abutter of a wire near the sidewalk, upon which plaintiff fell, was the proximate cause of the accident, cannot be construed as a finding that it was the sole proximate cause; but, on the contrary, all the negligent acts must be construed as concurring causes, making the city and abutter *in pari delicto* and joint tort feasors, as between whom no action for contribution would lie.

SAME—ABUTTERS—LIABILITY OVER—FINDINGS.  Where, in an action by a passerby who slipped on a steep slippery sidewalk and fell upon a wire that the abutter had placed near the walk, a finding that the wire was the sole proximate cause of the accident and that the city was liable therefor, would not be conclusive, in an action by the city to recover over from the abutter, that the abutter

[1]Reported in 170 Pac. 590.

had placed the wire on the sidewalk or was chargeable with notice thereof.

SAME—STREETS—USE—INJURIES ON SIDEWALK—LIABILITY OF ABUTTING OWNER. A statute making it the duty of abutting owners to keep the sidewalks clear of snow and ice and declaring such condition a nuisance, does not render them liable in damages for injuries caused thereby; hence the city, held liable for allowing the condition to exist, cannot recover over from the abutter on account of a judgment for personal injuries sustained by a passerby who slipped and fell upon the walk.

Appeal from a judgment of the superior court for King county, Jurey, J., entered July 24, 1917, upon findings in favor of the defendants, in an action to recover over from abutting owners upon liability for personal injuries sustained through a fall upon a sidewalk, tried to the court. Affirmed.

*Hugh M. Caldwell* and *Frank S. Griffith,* for appellant.

*Roberts, Wilson & Skeel* and *J. J. Geary,* for respondents.

ELLIS, C. J.—In this action plaintiff city seeks to recover over from defendants the amount of a judgment for personal injuries caused by a fall upon a sidewalk, which judgment was recovered by one Walter L. Johnstone in an action against the city, tried by the court without a jury, and by the city paid. This action over was also tried by the court without a jury.

The trial court, after finding the corporate capacity of the city and that the defendants are husband and wife, found:

"(3) That, on the 6th day of October, 1910, lot 1, block 18, Northern addition to the city of Seattle, stood of record in the name of Mary Agnes Shorrock.

"(4) That, on the 6th day of October, 1910, Mary Agnes Shorrock made application to the board of public works of the city of Seattle for a permit to use and improve the parking strip in front of said lot 1, block

18, Northern addition to the city of Seattle, and abutting on Galer street, said lot being at the corner of Eighth avenue west and Galer street, in the city of Seattle, which said permit was by the board of public works granted, and a permit issued to the defendants, a copy of which permit is hereto attached, referred to and made a part hereof as if fully set forth herein.

"(5)    That defendant improved a portion of the parking strip between the sidewalk and the line of their lot by constructing retaining walls opposite their walk from the city steps to a house constructed on said lot; that, in addition thereto, but without any additional or further permit, the defendants improved the remainder of the parking strip by planting bushes, shrubbery, flowers and lawn; that defendants stretched and maintained on said parking strip a few inches south of the city sidewalk a wire for the support and protection of the bushes on said parking strip.

"(6)    That, on the night of January 14th, 1916, said wire was placed upon or projected over the sidewalk and contributed to the injury of Walter L. Johnstone, as hereinbefore described; that at no previous time was said wire on or over said sidewalk, and said wire was not placed on said sidewalk by the defendants or with their knowledge or consent.

"(7)    That, on the 14th day of January, 1916, Walter L. Johnstone was proceeding to his home on Galer street and Sixth avenue, and while walking down the hill upon the sidewalk, he slipped and fell, and while in the act of falling was dashed against said wire; that in falling he broke his arm, causing him great pain and suffering.

"(8)    That, on the 4th day of May, 1916, said Walter L. Johnstone commenced an action in the superior court of the state of Washington for King county, against the city of Seattle, said cause being numbered 115,509 of the files of the superior court of King county, to recover damages for the injuries suffered by him. Issues were framed and, on the 21st day of June, 1916, said cause came on regularly for trial and resulted in a judgment against the city of Seattle in the sum of two hundred and ninety ($290) dollars, and costs in

the sum of twenty-six and 60-100 ($26.60) dollars, which sums the city of Seattle was required to and did pay to the said Walter L. Johnstone.

"(9)   That, on the 12th day of May, 1916, the plaintiff caused to be served upon each of the defendants a notice to appear and defend, a copy of which notice is attached hereto, referred to and made a part of this paragraph as though fully set forth herein.

"(10)   That, on the trial of the action of Walter L. Johnstone against the city of Seattle, No. 115,509, E. L. Skeel was present in court representing the defendants, E. G. Shorrock and Mary Agnes Shorrock, and was present as their attorney, and participated at the time the court made its findings of fact.

"(11)   That, in said action, the court, among others, made the following finding of fact: 'Said injury and fall was caused solely and proximately by the carelessness and negligence of the defendant, as follows: (a) Said defendant, and its employes, permitted and allowed the said cement sidewalk or street on Galer street between Seventh avenue west and Eighth avenue west, in the city of Seattle, at which point the same has a sharp and precipitous grade, to become covered with ice and snow in a rough, dangerous and slippery condition, and to remain in that condition for a number of days, to wit: between December 31st, 1915, and the time of the fall hereinabove mentioned, to wit: the night of January 14th, A. D., 1916, contrary to law; and plaintiff, while proceeding as aforesaid, and using all possible care and caution, slipped and slid upon the rough ice covering said sidewalk as aforesaid, thereby completely losing control of his footing, and while in the act of falling, was dashed against some wire which defendant negligently permitted to extend out over said sidewalk, which entangled his right leg, rendering plaintiff less liable to recover himself and lessen the fall which thereon followed, resulting in his arm being broken as aforesaid, said wire was the proximate cause of said injury. (b) Said defendant, and its officers and employes, failed to enforce, and permitted the violation of section 92 of Ordinance 16081 of the city of Seattle which is as follows: 'Ordinance No. 16081. An Ordi-

nance Regulating the Use and Occupation of and the conduct of persons in or upon streets, avenues, ways, boulevards, drives, places, alleys, sidewalks, parking strips, squares, triangles, comfort stations, school grounds, play grounds, recreation grounds, parks, park ways, park boulevards, park drives, park paths and public places and wharves, station grounds and rights of way open to the use of the public and the space above or beneath the surface of the same, and providing for the control of the same, and for the safety, comfort and convenience of the public in the use of the same and providing penalties for violations thereof. Sec. 92. Obstruction of Sidewalks and Public Places by Waste Material: It shall be unlawful for any person to throw on any sidewalk any vegetable or fruit or other substance liable to cause any person injury, or to throw upon or into any public place, or in any gutter, any kitchen refuse, paper, sweepings or other substance liable to close up or choke any gutter, or to permit any accumulation of snow or ice upon any planked or paved sidewalk in front of any premises owned or occupied by him.' '(c) The said defendant constructed and maintained a steep incline or grade on the cement walk on Galer street between Seventh avenue west and Eighth avenue west, without cleats. (d) Said defendant permitted the said street, particularly at the place where plaintiff sustained his injuries and fall, as hereinabove mentioned, to be improperly lighted and dark, and the said darkness rendered it difficult for plaintiff, although he was using all caution possible, to pick his steps and protect himself against the aforesaid slippery and icy condition of said walk.'

"(12) That, on the 11th day of February, 1916, Walter L. Johnstone duly filed with the city council and city clerk of the city of Seattle a duly verified claim, which is File No. 63278 in the comptroller's office of the city of Seattle, and a public record.

"(13) That Galer street between Seventh and Eighth avenues west is exceedingly steep; a sidewalk a twenty per cent grade runs from Eighth avenue west to a point near the rear of defendants' residence, and

at that point the street becomes abruptly steeper so that a sidewalk can no longer be used and cement steps are maintained by the city of Seattle.

"(14)  That if the city of Seattle had not been negligent in failing to maintain the light for Galer street; or if the city of Seattle had not been negligent in failing to maintain cleats or guard rails or some other safeguards upon the sidewalk; or if the city had not been negligent in failing to keep the sidewalk clear of snow and ice the said Walter L. Johnstone would not have stumbled and fallen and the accident would not have occurred.  Done in open court this 24th day of July, 1917.  John S. Jurey, Judge.''

From these findings, the court concluded that the action over should be dismissed with prejudice and that defendants should recover their costs.  Judgment went accordingly, and plaintiff appealed.

No claim of error is assigned touching the admission or exclusion of any evidence.  No argument is offered against any of the findings made by the court, save that last above quoted.  So far as the record shows, no specific exception was taken by appellant to that or any other finding.  The only exceptions presented by the record are found in the clerk's minutes, as follows:

"Findings of fact and conclusions of law signed. Exception allowed.  Plaintiff's proposed findings of fact and conclusions of law offered and refused.  Exception is allowed.''

It is settled law in this state that such general exceptions are wholly insufficient to raise any question in this court other than that of the sufficiency of the findings to sustain the judgment.  But, since respondents have not raised that question, we have examined the evidence with care.  It amply sustains the findings.

Appellant contends that these findings make a judgment over in its favor imperative for any one of three reasons: (1) because, in the permit granted to respond-

ents to use the parking strip on Galer street, they covenanted to save the city harmless from injury resulting from its exercise; (2) because, in this case, the court found that, in the action of Johnstone against the city, the court had found that the wire was the proximate cause of the injury; (3) because, in this case, the court found that, in that case, it was, in substance, found that respondents had neglected a duty imposed by ordinance to keep the city walk clear of snow and ice.

I.    The permit in question, a copy of which is by reference made a part of the fourth finding, is vague in its scope. It grants respondents permission to improve that portion of the parking strip abutting on their premises "in the following manner, to wit: Retaining wall steps and walk from present city steps to a house to be built." It recites that, in consideration of the permit, the applicant covenants and agrees to save the city harmless from any damages, injuries, judgments or liability resulting from its exercise. Respondents' lot lies in the southeasterly corner created by the intersection of Galer street and Eighth avenue west. Galer street, where it passes this lot, is steep and is unimproved for public use, save by a cement walk six feet wide in the middle of the street, running east from the avenue for about eighty feet to a point approximately opposite respondents' house, where it merges into a flight of steps. The ascent of this walk from the avenue is exceedingly steep. The walk with retaining wall built by respondents under the permit leads from their residence across the south half of Galer street to the city walk at the foot of these steps. We agree with respondents that the permit on its face did not authorize any other use by them of the parking strip. We also agree with appellant that both parties, respondents by using the whole strip as a part of their lawn, and the city by allowing that use for years with-

out any additional permit, are estopped to say that the whole use was not under the permit. But we fail to see wherein this is material further than to estop the city to claim that the wire, while fastened to the posts on the parking strip, was a nuisance or an unlawful obstruction of the street. *Robbins v. Chicago,* 71 U. S. 657. Respondents' agreement to indemnify the city for damages resulting from their use of the strip had no more relation to the wire when out upon the city walk than if the wire had never been used as a guard for their lawn and shrubbery. They could only be held liable, in any event, for their own negligence or wrongful act. For that, if the sole proximate cause of the injury, they would be liable over in any case, and without any agreement to indemnify.

II. What, then, was the effect of the finding in the Johnstone action that the wire was the proximate cause of the injury? In pursuing this inquiry it must not be forgotten that appellant is no less bound by the other findings in that case than it is by this finding. In that case, Johnstone's complaint charged, and the court found, that the injury was "caused solely and proximately by the carelessness and negligence" of the city in four other particulars: (a) in allowing to accumulate and remain for two weeks on this precipitous walk, snow and ice in a rough, dangerous and slippery condition, (b) in failing to enforce a city ordinance prohibiting the occupants of abutting premises from permitting accumulations of snow or ice upon any sidewalk in front of their premises, (c) in maintaining this steep walk without cleats, and (d) in permitting the street at this place "to be improperly lighted and dark." For all of these acts of negligence, as we shall see, the city alone was liable to Johnstone, and it is only in conjunction with these that the wire is mentioned at all in the findings. It follows that the only effect of

the findings that the wire was the proximate cause of the injury, in any way material to any issue in the Johnstone case, was to estop the city to deny that it had notice, prior to the accident, that the wire was dangerously obstructing the walk. Without such notice the participation of the wire in the injury, whether as a proximate cause or otherwise, was wholly immaterial. It follows as a corollary that, in the present action, the city is compelled either to admit that the other causes found by the court as proximate causes were the only proximate causes, or to admit that it had prior notice of the presence of the wire. Taking either horn of this dilemma, the present action over fails. On the first, because respondents would not be liable to Johnstone for any of the proximate causes; on the second, because the wire, though a proximate cause, cooperated with the other causes which the court found were also proximate causes, in which case the parties to this action were *in pari delicto* and joint tort feasors, as between whom no action for contribution will lie. *Tacoma v. Bonnell,* 65 Wash. 505, 118 Pac. 642, Ann. Cas. 1913B 934, 36 L. R. A. (N. S.) 582; *Puyallup v. Vergowe,* 95 Wash. 320, 163 Pac. 779; *Seattle v. Peterson & Co.,* 99 Wash. 533, 170 Pac. 140.

Appellant seeks to avoid this dilemma by construing the court's findings in the Johnstone case as a finding that the wire was the *sole* proximate cause of the injury. The findings are incapable of such a construction. On the contrary, the court found that all of the several acts of negligence on the city's part, including its negligently permitting the wire to extend out on the walk, were the causes "solely and proximately" responsible for the injury. The subjoined finding that the wire was the proximate cause merely emphasizes the participation of the wire as a cause proximately concurring with the other causes, else it is wholly in-

consistent with the other parts of the same finding, and the whole question of proximate cause is set at large in the action over and was resolved against appellant by the court's fourteenth finding in this case that the other acts of negligence of the city were the causes without which the injury would not have happened. *Littleton v. Richardson,* 34 N. H. 179, 66 Am. Dec. 759.

But even assuming that, in the Johnstone case, the court had unequivocally found that the wire was the *sole* cause of the injury, the judgment in that case would not be conclusive of respondents' negligence in allowing the wire to be out upon the walk. A recovery against a city for personal injury caused by an obstruction in the street is conclusive evidence in its favor only of those facts necessary to that recovery, namely: (1) of the existence of the obstruction, (2) of the city's liability therefor, (3) of the injured person's freedom from negligence, and (4) of the amount of damages, in an action over against the author of the obstruction, who was tendered the defense of the former action. *Seattle v. Regan & Co.,* 52 Wash. 262, 100 Pac. 731, 132 Am. St. 963; *Spokane v. Costello,* 33 Wash. 98, 74 Pac. 58; 1 Shearman & Redfield, Negligence (5th ed.), § 384; 4 Dillon, Municipal Corporations (5th ed.), § 1728.

Even on such a finding, the judgment roll in the action against the city, though conclusive of these four things, would not have been conclusive that respondents either placed the wire out upon the walk or were chargeable with notice that it was there prior to the accident, without a further finding therein to that effect. The burden would still have been upon the city, in the action over, to produce such additional proof by evidence *aliunde. St. Joseph v. Union R. Co.,* 116 Mo. 636, 22 S. W. 794, 38 Am. St. 626; *Boston v. Worthing-*

*ton*, 10 Gray (Mass.) 496, 71 Am. Dec. 681; *Mayor, etc., of New York v. Brady,* 151 N. Y. 611, 45 N. E. 1122; *Seattle v. Regan & Co., supra.* Of course, had the court found in the Johnstone case that the wire had been upon the walk long enough to charge the city with constructive notice of its presence, that finding would have carried notice of the same fact to respondents. But there was no such finding. The only notice to the city found in that case is that implied from the finding that the city negligently permitted the wire to be on the walk. So far as that finding goes, the notice to the city might have been actual and conveyed in a manner not affecting respondents with notice at all. This distinction is clearly marked by the supreme court of the United States in *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316, 333.

Even on appellant's assumption that the wire was the sole cause of the injury, the question of respondents' negligence in placing or permitting it to be upon the walk was left at large by the findings in the Johnstone case, and is resolved against appellant by the sixth finding of the court in this case.

III. Finally, appellant contends that respondents cannot claim that the rough snow and ice was a proximate cause of the injury for which the city alone was responsible to Johnstone. The first reason urged is that there was no proof that the city had notice of that condition prior to the accident. The answer is that the finding in the Johnstone case, that the city "negligently permitted" the rough snow and ice to accumulate and remain for two weeks, necessarily implied such notice. The second reason urged is that the city ordinance pleaded, admitted, and set out in the findings in the Johnstone case made it unlawful for respondents, as occupants of abutting property, to permit snow or ice to accumulate on the walk in front of their premises.

The answer is that, at common law, the third person's liability over to the city depends upon his original liability to the person injured, and the ordinance does not purport to create any such liability. Whether an ordinance creating such a liability would be valid or not we do not decide. Where injury results from a defect in the street, created by the active negligence or wrongful act of a third person, such as making an excavation in the street, placing an unsafe trap-door, or leaving open an area-way in the sidewalk, undermining the street, or placing an unauthorized obstruction thereon, such third person is directly liable, as the creator of a nuisance, to the person injured, under the common law. 4 Dillon, Municipal Corporations (5th ed.), § 1725. The city is, of course, also liable, when chargeable with notice of the condition, and if recovery be had against the city it may recover over against the original wrongdoer, without any statute or charter provision so declaring, simply because, as between him and the city, his is the active negligence and primary liability. They are not in *pari delicto* nor joint tort feasors. *Spokane v. Crane Co.*, 98 Wash. 49, 167 Pac. 63; *Seattle v. Puget Sound Imp. Co.*, 47 Wash. 22, 91 Pac. 255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949.

But at common law the city alone is liable to the person injured by obstructions in the way created by natural causes, such as rough and dangerous accumulations of snow and ice. The abutting property owner owes no common law duty to the public to remove such obstructions. He is not liable to the person injured by such obstructions, in the absence of a statute, charter provision, or valid ordinance so declaring. Such liability is not brought into existence by an ordinance merely declaring that such obstructions are nuisances, or making it his duty to remove them on penalty of a fine. The ordinance of Seattle, so far as here pleaded,

admitted and found by the court, goes no further. It imposes upon the property owner no liability to any one for damages resulting from injuries caused by such obstructions. The city cannot go beyond the terms of its own ordinance and enforce a liability not named therein, by an action over against the property owner. *Hartford v. Talcott,* 48 Conn. 525, 40 Am. Rep. 189; *St. Louis v. Connecticut Mut. Life Ins. Co.,* 107 Mo. 92, 17 S. W. 637, 28 Am. St. 402; *Rochester v. Campbell,* 123 N. Y. 405, 25 N. E. 937, 20 Am. St. 766, 10 L. R. A. 393; 1 Shearman & Redfield, Negligence (5th ed.), § 343. No authorities to the contrary are cited, and a considerable search has revealed none.

True, this court has often held that the violation of a statutory duty is negligence *per se.* Violations of the law of the road or speed ordinances are familiar examples. That rule might have some application were respondents seeking to recover from the city for an injury caused by the rough ice. As an offensive weapon, that rule only applies where the statutory duty violated is primarily that of the person sought to be held.

The judgment is affirmed.

MAIN, WEBSTER, FULLERTON, and PARKER, JJ., concur.