[No. 19245.   Department One.   June 11, 1925.]

## T. H. AINEY, *Appellant*, v. RIALTO AMUSEMENT COMPANY *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS (445)—STREETS—SIDEWALKS—SNOW AND ICE—LIABILITY OF ABUTTING OWNERS. The owner of a theater owes no duty to patrons leaving the place to keep the sidewalk at the exit free from snow and ice which was deposited there by the elements; nor is its duty enlarged by the fact that it had cleared the snow away and sprinkled ashes at the entrance.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 26, 1925, upon granting a nonsuit, dismissing an action for personal injuries sustained in a fall upon a sidewalk. Affirmed.

*A. O. Burmeister* and *M. J. Gordon,* for appellant.

*Bates & Peterson* and *L. E. O'Neill,* for respondents.

BRIDGES, J.—Suit for personal injury.

The defendants operate the Rialto theatre, located on Ninth street, in the city of Tacoma. The building fronts on Ninth street, and on the east abuts upon an alley which extends north and south between Ninth and Eleventh streets. The alley is twenty-one feet in width and has sidewalks. The main entrance to the

[1]Reported in 236 Pac. 801.

theatre is from Ninth street, and one of the exits is on
the alley. The plaintiff's testimony tended to show
that, on the 11th of February, 1923, about six inches of
snow had fallen throughout the city of Tacoma and
vicinity, and that, on the next day, this snow had
melted somewhat and caused it to become more or less
icy or slippery, and that such was the condition of the
sidewalk at the alley exit from the theatre. During
the forenoon of the 12th, the defendants, to some ex-
tent, removed the ice from that portion of the sidewalk
on Ninth street which was in front of their premises
and sprinkled some ashes thereon, but did nothing of
the kind with the alley sidewalk. Early in the fore-
noon of the 12th, the plaintiff attended the theatre, and
when the performance was over he left by way of the
alley exit. There was a sign over the door leading to
the alley showing that it was an exit and that patrons
of the theatre were invited to leave by that door. As
the plaintiff stepped onto the sidewalk, he slipped and
fell and injured himself. It was still daylight when he
left the theatre. It appears, also, that plaintiff was
well acquainted with the theatre and had on previous
occasions left it by the alley exit. At the close of the
plaintiff's case, the court sustained defendant's chal-
lenge to the sufficiency of the evidence and dismissed
the action.

The rule generally laid down by the authorities is
that an owner or the occupant of a building is under no
legal obligation to remove the ice and snow from the
sidewalk in front of his premises, which have been de-
posited there by the elements, or to lessen the risk of
injury by placing ashes or other like material thereon;
and this doctrine applies not only to persons passing
on the sidewalk, but also to persons visiting the store
on business or for other purposes. The basis of the
rule is that it is the duty of the municipality and not

of the abutting property owner to keep the streets and sidewalks in a reasonably safe condition for travel.

In 13 R. C. L. 415, the rule is stated thus:

"In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes or to guard against the risk of accident by scattering ashes or using other like precautions, and will not be liable in damages to persons injured by reason of its failure to do so. Nor does a storekeeper owe any greater duty in this regard to customers leaving his store than he does to the ordinary pedestrians."

This rule is supported by nearly all of the authorities. The following are some of them: *City of Hartford v. Talcott,* 48 Conn. 525, 40 Am. Rep. 189; *McGrath v. Misch,* 29 R. I. 49, 69 Atl. 8, 132 Am. St. 798; *Dahlin v. Walsh,* 192 Mass. 163, 77 N. E. 830, 6 L. R. A. (N. S.) 615 and note; *New Castle v. Kurtz,* 210 Pa. St. 183, 105 Am. St. 798, 69 L. R. A. 488; 1 A. & E. Annot. Cas. 943 and note; *Hanley v. Fireproof Building Co.,* 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382 and note.

The question is not a new one in this state: In *Zellers v. Seattle Lodge No. 92, Benevolent and Protective Order of Elks,* 94 Wash. 32, 161 Pac. 834, it was shown that the plaintiff was injured while walking on the sidewalk in front of defendant's property. The complaint alleged that he was injured because defendant had carelessly and negligently allowed the snow and ice to accumulate on the sidewalk and because thereof he slipped and fell. We upheld the lower court in sustaining a demurrer to the complaint and dismissing the action. There we stated the general rule as we have stated it above.

If the slippery condition of the alley sidewalk had been caused by something the respondent did, such as

permitting a stream of water to flow over it and freeze, or throwing water upon the snow, then it would probably be liable in damages. The distinction is that, when the dangerous condition is caused by the elements only, there is no liability on the part of the property owner, but where he has done something to create or increase the danger, then he may be liable.

Some municipalities have ordinances requiring an abutting property owner to remove the snow and ice from the sidewalk. Many of the authorities hold that the violation of such an ordinance by the abutting property owner does not make him liable to pedestrians. *Hanley v. Fireproof Building Co., supra.* See, also, *Zellers v. Seattle Lodge, No. 92, Benevolent and Protective Order of Elks, supra.* But we need not pursue this question because it is not shown that any such ordinance exists in the city of Tacoma.

In *McGrath v. Misch, supra,* the court said:

"The declaration is founded upon an imaginary duty of a shopkeeper to keep the sidewalk in front of his shop safe for his customers by removing ice therefrom. The law imposes no such obligation. When the customer leaves the shop and steps upon the highway, the shopkeeper ceases to owe any duty to him in distinction from other travelers."

It is said, however, that the fact that the respondents had removed the ice from the sidewalk in front of the premises obligated them to also remove it from the sidewalk in the alley, and that the appellant, knowing that the front sidewalk had been cleared, had a right to believe that the same condition would exist as to the alley sidewalk. We cannot accept this reasoning. There was no legal duty on the respondents to remove the ice or snow from the front sidewalk, and the mere fact that they did remove it imposed no duty upon them to remove it from the alley sidewalk.

We are of the opinion that the trial court did not err. The judgment is affirmed.

TOLMAN, C. J., MAIN, PARKER, and ASKREN, JJ., concur.