[No. 618-3. Division Three. November 17, 1972.]

BERTHA GARDNER, *Appellant*, v. LEO KENDRICK, *Respondent*.

*J. P. Tonkoff* (of *Tonkoff, Dauber & Shaw*), for appellant.

*Don W. Schussler* (of *Nashem, Prediletto, Brooks & Schussler*), for respondent.

MUNSON, C.J.—Plaintiff, Bertha Gardner, appeals from a summary judgment dismissing her complaint. We affirm.

On January 8, 1969, plaintiff slipped and fell on a snow

and ice-covered public sidewalk in front of a house owned by defendant, Leo Kendrick, within the city of Yakima. Plaintiff alleges she suffered injury as a result of her fall.

Yakima Municipal Ordinance 8.88.010[1] requires the owner or occupant of a house or other building within the fire limits of the city to clear sidewalks in front of such buildings by 8 a.m. following a snowfall and to keep them conveniently free of snow and ice during the day. The ordinance further provides that in the event snow and ice are so congealed they cannot be removed without injury to the sidewalk, that ashes or sand be strewed thereon.

For the purpose of this discussion, it is stipulated that defendant has not complied with this ordinance. It is further conceded that the common law of the United States and, more particularly, the State of Washington, imposes no duty upon an adjoining property owner or occupant to remove snow or ice, or sprinkle ashes or sand upon such sidewalk, to protect pedestrians. *Bennett v. McGoldrick-Sanderson Co.*, 15 Wn.2d 130, 129 P.2d 795 (1942); *Icy Sidewalk—Abutter's Liability*, Annot., 18 A.L.R.3d 428, 432 (1968); 39 Am. Jur. 2d *Highways, Streets, and Bridges* § 517, at 918 (1968).

Ordinances which do require adjoining property owners or occupants to perform these services are held to be for

_____

[1]"Duty of owner or occupant within fire limits. Every owner or occupant of any house or other building, and the owner or proprietor, lessee, or person entitled to the possession of any vacant lot or block, and every person having charge of any church, public hall or public building within the fire limits of the City of Yakima, shall, during the winter season and during the time snow shall continue on the ground, by eight a.m. of every day after the snowfall and whenever necessary, with all reasonable dispatch, clear the sidewalks in front of such house, church, jail, public hall or public building, and in front of such vacant lot or block, from snow and ice and shall, with all reasonable dispatch, keep them conveniently free therefrom during the day; or shall, in case the snow and ice are so congealed that they cannot be removed without injury to such sidewalk, cause the said snow and ice to be strewed with ashes or sand, and also at all times keep such sidewalk clear and free from dirt, filth or other obstructions or incumbrances so as to allow citizens to use such sidewalks in a safe and commodious manner."

the benefit of the organized government, *i.e.,* the municipality as an entity, and not for its individual citizens. *Seattle. v. Shorrock,* 100 Wash. 234, 170 P. 590 (1918); *Ainey v. Rialto Amusement Co.,* 135 Wash. 56, 236 P. 801, 41 A.L.R. 263 (1925); *Bennett v. McGoldrick-Sanderson Co., supra; Sidewalk—Snow or Ice—Liability,* Annot., 82 A.L.R.2d 998 (1962). The one exception to this rule is the State of West Virginia, *Gillespie v. Charleston,* 177 S.E.2d 354 (W. Va. 1970), and there the court was interpreting the specific language of a city ordinance.

In *Hanley v. Fireproof Bldg. Co.,* 107 Neb. 544, 186 N.W. 534, 24 A.L.R. 382 (1922), cited as authority in *Ainey,* the syllabus by the Nebraska court states:

> Where the provisions of an ordinance impose upon property owners the performance of a part of the duty of the municipality to the public and are for the benefit of the municipality as an organized government, and not for the benefit of the individuals comprising the public, a breach of such ordinance is remediable only 'at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby.

This position was reaffirmed in *Mackey v. Midwest Supply Co.,* 186 Neb. 834, 186 N.W.2d 916 (1971).

We find the Yakima ordinance does not create within its language a cause of action for the benefit of any individual citizen injured as a result of the failure of an adjoining owner or occupant of land to remove naturally deposited snow or ice from a sidewalk.

Judgment affirmed.

GREEN and EDGERTON, JJ., concur.

Petition for rehearing denied December 6, 1972.

Review denied by Supreme Court January 23, 1973.