[No. 19242-3-III.   Division Three.   February 15, 2001.]

RAYMOND D. BIRDSALL, *Appellant*, v. JERRY D. ABRAMS, ET AL., *Respondents*.

*Eugene G. Schuster* (of *Critchlow, Williams & Schuster*), for appellant.

*Christopher J. Kerley* (of *Keefe, King & Bowman, P.S.*), for respondents.

SWEENEY, J. — This slip-and-fall case raises two questions. First, does a landowner who clears a portion of a public sidewalk owe a duty of care to a pedestrian who falls on the uncleared portion? No. *Ainey v. Rialto Amusement Co.*, 135 Wash. 56, 58, 236 P. 801 (1925). Second, does a city ordinance requiring landowners to clear the public sidewalks adjacent to their land or face possible jail time provide injured pedestrians with a tort action against violating landowners? It does not. *Gardner v. Kendrick*, 7 Wn. App. 852, 853-54, 503 P.2d 134 (1972). We therefore affirm the summary dismissal of Raymond D. Birdsall's damage claim.

## FACTS

On February 13, 1995, Raymond Birdsall slipped and fell while walking on a public sidewalk in front of a building owned by Jerry Abrams, Charles Kunz, and Carlsberg Properties, Inc., doing business as Richland Office Buildings Partners. Jerry D. Abrams Company managed the building. Hereafter, the defendants will be referred to as

Mr. Abrams. The sidewalk had been cleared of snow and ice in one section, but not in the section where Mr. Birdsall fell.

Mr. Birdsall filed suit against Mr. Abrams alleging he was negligent by not clearing the sidewalk in its entirety. Mr. Abrams moved for summary judgment. The court granted the motion.

## ANALYSIS

STANDARD OF REVIEW.

We review an order granting summary judgment de novo. We engage in the same inquiry as the trial court—is there a genuine issue as to any material fact and is the moving party entitled to judgment as a matter of law? We consider the evidence and the reasonable inferences therefrom in a light most favorable to the nonmoving party. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

DUTY OF CARE.

■ Mr. Birdsall argues that Mr. Abrams had a duty to keep the sidewalk clear of snow and ice. He claims Mr. Abrams breached this duty and increased the risk by clearing only a portion of the sidewalk. Whether a duty exists is a question of law. *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991); *Hostetler v. Ward*, 41 Wn. App. 343, 349, 704 P.2d 1193 (1985).

■ Washington law is clear. Unless there is a statutory provision to the contrary, landowners have no duty to clear snow and ice from public sidewalks adjacent to their property. *Bennett v. McGoldrick-Sanderson Co.*, 15 Wn.2d 130, 135-36, 129 P.2d 795 (1942); *Nadeau v. Roeder*, 139 Wash. 648, 650, 247 P. 951 (1926); *Ainey*, 135 Wash. at 58.

Mr. Birdsall argues a duty existed because the sidewalk was a common area controlled by Mr. Abrams. The cases he relies on, however, are readily distinguishable because they involve privately owned land. *Iwai v. State*, 129 Wn.2d 84, 87, 915 P.2d 1089 (1996) (fall occurred in parking lot owned by defendant); *Geise v. Lee*, 84 Wn.2d 866, 867, 529 P.2d

1054 (1975) (fall occurred in privately owned trailer park); *Sorenson v. Keith Uddenberg, Inc.*, 65 Wn. App. 474, 475-76, 828 P.2d 650 (1992) (fall occurred in privately owned parking lot). Here, there is no dispute that Mr. Birdsall fell while walking on a publicly owned sidewalk.

Mr. Birdsall next argues that Mr. Abrams is liable because he increased the danger by clearing only a portion of the sidewalk. Landowners are liable for the artificial dangerous conditions they cause. *James v. Burchett*, 15 Wn.2d 119, 126-27, 129 P.2d 790 (1942) (landowner liable for negligent placement of gravel on sidewalk); *Collais v. Buck & Bowers Oil Co.*, 175 Wash. 263, 265-67, 27 P.2d 118 (1933) (landowner liable for allowing oil to spill on sidewalk); *Nadeau*, 139 Wash. at 649-50 (landowner liable for frozen water on sidewalk that collected there through artificial means).

Here, the snow and ice was accumulated naturally. Mr. Birdsall argues, nonetheless, that this naturally occurring danger was enhanced because Mr. Abrams cleared a portion of the sidewalk, but not the entire sidewalk. Mr. Birdsall relies on *Sorenson*.

In *Sorenson*, the plaintiff slipped and fell in a privately owned parking lot. *Sorenson*, 65 Wn. App. at 475-76. Snow and ice had been plowed in the parking lot and piled in various locations. *Id.* at 476. One pile was placed in the middle of the lot on a sloping area. *Id.* at 476, 479-80. The ice that caused the plaintiff to slip followed the melting of this pile of snow and then the refreezing of the runoff. *Id.* at 480.

The court held there were facts indicating the natural accumulation had been altered, and the ice may have been caused through the negligent piling of the snow. *Sorenson*, 65 Wn. App. at 480 n.5. The court stated: "although a business owner ordinarily may have no duty to protect his or her invitees from the effects of a natural accumulation of ice and snow, if a mitigation of the hazard is undertaken, a

duty arises to perform that mitigation in a nonnegligent manner." *Id.* at 479.

We distinguish *Sorenson* on two grounds. First, the plaintiff there was an invitee on privately owned land. And second, the landowner in that case took affirmative steps to alter the accumulation of snow and ice. The present case is factually similar to *Ainey*.

In *Ainey*, the plaintiff was injured when he slipped and fell on a publicly owned sidewalk outside the defendant's movie theater. *Ainey*, 135 Wash. at 56-57. The landowner had cleared the sidewalk adjacent to the theater's main entrance, but did not clear the sidewalk adjacent to the alley entrance. *Id.* at 57. The plaintiff's case was dismissed on a challenge to the sufficiency of the evidence. *Id.*

On appeal, the court held the landowner owed no duty to the plaintiff:

> If the slippery condition of the alley sidewalk had been caused by something the respondent did, such as permitting a stream of water to flow over it and freeze, or throwing water upon the snow, then it would probably be liable in damages. The distinction is that, when the dangerous condition is caused by the elements only, there is no liability on the part of the property owner, but where he has done something to create or increase the danger, then he may be liable.

*Ainey*, 135 Wash. at 58-59.

Additionally, the plaintiff in *Ainey* argued the landowner had a duty to clear the alley sidewalk because it had undertaken to clear the sidewalk adjacent to the front entrance. *Ainey*, 135 Wash. at 59. The court rejected the argument, stating: "[t]here was no legal duty on the [landowner] to remove the ice or snow from the front sidewalk, and the mere fact that they did remove it imposed no duty upon them to remove it from the alley sidewalk." *Id.*

Mr. Abrams did not alter the snow and ice where Mr. Birdsall fell. The snow and ice where Mr. Birdsall fell was a natural accumulation on a public sidewalk. There was, therefore, no duty of care.

THE RICHLAND ORDINANCE.

Mr. Birdsall next claims that Mr. Abrams owed him a duty based on a city ordinance requiring landowners to clear public sidewalks of snow and ice. RICHLAND MUNICIPAL CODE (RMC) 12.16.020.

■ Mr. Birdsall's argument is not novel. Every Washington court that has considered this issue has held ordinances of this kind do not create a cause of action for injured pedestrians against landowners. *See City of Seattle v. Shorrock*, 100 Wash. 234, 245, 170 P. 590 (1918); *Zellers v. Seattle Lodge No. 92 Benevolent & Protective Order of Elks*, 94 Wash. 32, 34-35, 161 P. 834 (1916); *Gardner*, 7 Wn. App. at 853-54.

Ordinances requiring landowners to clear snow and ice "are held to be for the benefit of the organized government, *i.e.*, the municipality as an entity, and not for its individual citizens." *Gardner*, 7 Wn. App. at 853-54. The Ninth Circuit came to the same conclusion when examining a similar Montana ordinance. *W. Auto Supply Agency v. Phelan*, 104 F.2d 85, 87 (9th Cir. 1939). There, the court stated: " [s]uch an ordinance is not intended for the protection of the public by the property owner, but as an aid to the city in discharging its duty to the public." *Id.*

Mr. Birdsall attempts to distinguish the Richland ordinance because it provides for imprisonment for violations. RMC 12.16.030.[1] But the potential punishment does not alter the underlying purpose. There is no reason to conclude the Richland ordinance was intended to create a private cause of action against landowners merely because Richland may punish violators more harshly than other cities. The purpose is the same—to benefit the city, not

---

[1] The Richland Municipal Code (RMC) punishes any violation of its ordinances with a potential fine of $5,000 or up to one year imprisonment. RMC 1.30.010. This includes the failure to keep the outside of a refuse container clean (RMC 15.12.060, 15.24.050); failure to keep a boat moorage site clean and free of brush, weeds, and debris (RMC 6.08.080, .090); and the failure to keep signs maintained (RMC 27.08.010(a)(4), 27.12.030).

individual citizens. *Gardner*, 7 Wn. App. at 853-54. The ordinance does not create an actionable duty.

Affirmed.

SCHULTHEIS and KATO, JJ., concur.

Review denied at 144 Wn.2d 1009 (2001).