ROXINA CULLEN HANLEY, APPELLANT, V. FIREPROOF BUILDING COMPANY, APPELLEE.

FILED JANUARY 26, 1922. No. 21849.

1. **Municipal Corporations: CARE OF SIDEWALKS.** The law of this state imposes upon the various municipal corporations thereof the duty of at all times keeping their streets and sidewalks in a reasonably safe condition for travel by the public.

2. ———: ———: COMMON LAW RULE. Under the common law no duty devolved upon an abutting owner to keep the sidewalks adjacent to his property in a safe condition.

3. ———: ———: VIOLATION OF ORDINANCE: REMEDY. Where the provisions of an ordinance impose upon property owners the performance of a part of the duty of the municipality to the public and are for the benefit of the municipality as an organized government, and not for the benefit of the individuals comprising the public, a breach of such ordinance is remediable only at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Crofoot, Vinsonhaler, Fraser, Connolly & Stryker,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin,* contra.

Heard before LETTON, DEAN and ALDRICH, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

CLEMENTS, District Judge.

This is an action brought by the appellant against the appellee to recover damages resulting from personal injury. The plaintiff in her amended petition alleges in substance that the defendant owned an apartment house at the northwest corner of Eighteenth and Dodge streets in the city of Omaha; that section 17 of Thomas' Revised Ordinances of Omaha made it the duty of owners of property to remove such ice and snow as may fall and accumulate upon sidewalks adjacent and contiguous to their property within six hours after the cessation of any storm or fall of snow; that prior to the 8th day of January, 1920, the defendant had constructed cement sidewalks along said building and parallel with said Dodge and Eighteenth streets; that the sidewalk adjoining this apartment house on Dodge street slopes sharply to the east; that on or about said 8th day of January, 1920, the plaintiff was a tenant of defendant and was living in said apartment; that prior to said day snow and ice had fallen and accumulated on this sidewalk; that small boys used said sidewalk and the ice and snow on the same for coasting; that such use made said sidewalk dangerous to pedestrians, all of which was known to defendant; that the defendant negligently and carelessly failed to remove said snow and ice as required by law; that on or about said 8th day of January, 1920, plaintiff left said apartment and went upon said sidewalk, and while on said sidewalk was violently run into and against by a sled used by a small boy coasting down said sidewalk, and she was thrown to the ground and injured. Then follows allegations as to the extent of plaintiff's injuries and damage, and prayer for judgment.

In view of the disposition of the case by the trial judge, it will be unnecessary to fully set out the allegations of defendant's answer. The defendant says, among other things, that the plaintiff cannot maintain an action

against it for the reason that her cause of action, if any, is against the city of Omaha, and that the amended petition does not state a cause of action, and demurs to each and every allegation therein contained. Trial was had to a jury November 20, 1920. At the close of plantiff's evidence defendant moved the court to instruct a verdict for the defendant, and this was done. The cause was dismissed and judgment rendered for defendant. A motion for a new trial was overruled, and plaintiff brings the cause here on appeal.

An examination of the evidence introduced by the plaintiff discloses that it fairly substantiates the allegations of her petition. It follows that the correctness of the course taken by the trial judge depends upon whether or not the petition states a cause of action.

The defendant contends that the action of the trial judge was correct for two reasons: First, because one citizen of Omaha cannot maintain an action against another citizen for injuries received upon the sidewalks of the city, and which were occasioned or contributed to by the failure to remove snow and ice in compliance with the ordinance of said city; second, because the petition on its face discloses that the failure to remove the ice and snow was not the proximate cause of plaintiff's injury. We shall find it necessary to consider only the first of these reasons.

This precise question has never been before this court, but the following principles are well established: "The law of this state devolves upon the various municipal corporations thereof the duty of at all times keeping their streets and sidewalks in a reasonably safe condition for travel by the public, and no municipal corporation, by any act of its own, can devolve this duty on another so as to relieve itself from a liability resulting from its failure to perform such duty." *Davis v. City of Omaha,* 47 Neb. 836. See, also, *City of Omaha v. Jensen,* 35 Neb. 68; *City of Beatrice v. Reid,* 41 Neb. 214. Under the common law no duty devolved upon an abutting owner

to keep the sidewalks adjacent to his property in a safe condition for travel.   13 R. C. L. 415, sec. 341.

It is apparent from the foregoing that, if the plaintiff has a cause of action against the defendant by reason of the facts set out in her petition, it is by virtue of some statute, charter provision, or valid ordinance.   The plaintiff in effect admits this and in her petition pleads section 17 of an ordinance of the city of Omaha, which is as follows:

"It shall be the duty of the occupant, as well as the duty of the owner, of any lot or land or real estate in the city of Omaha to clear the sidewalks contiguous thereto of all snow and ice within six hours after the cessation of any storm or fall of snow; provided, however, if such storm or fall of snow take place and occur in the night time, then and in that case the owner shall have until twelve o'clock noon next following to clear said sidewalks of said snow and ice; said snow and ice shall be removed into the traveled portion of the street and so spread over the surface of the street as not to interfere with public travel thereon, and no portion thereof shall be placed or spread within three feet of the curb line on said street."

The plaintiff in her brief has not favored us with a very clear statement of the theory by which she claims a right of action between individuals can accrue by virtue of this ordinance, and we confess that we have been unable to deduce this theory from the argument.  It has been held in some jurisdictions, and has been earnestly argued by able jurists, that in a state with a Constitution like ours the legislature cannot constitutionally delegate to a city power to enact a law that would create a right of civil action between citizens *inter se*.   The best exposition of this doctrine is found in the dissenting opinion of Judge Marshall in the case of *Sluder v. St. Louis Transit Co.*, 189 Mo. 107, 110, 145, 5 L. R. A. n. s. 186.   In this opinion Judge Marshall has collected the holdings of the states that have adopted this rule.  The weight

of authority seems to be, however, that municipalities by virtue of their police powers have authority to pass ordinances for the protection of lives and property and which relate primarily to the duty of those whose conduct they regulate, for the benefit of persons traveling the streets, who have a right to rely upon the observance of these ordinances, and that the violation of any statutory or valid municipal regulation, established for the benefit of private persons, is of itself sufficient to prove such a breach of duty as will sustain a private action for negligence brought by a person belonging to the protected class, if the other elements of actionable negligence occur. *Sluder v. St. Louis Transit Co.*, 189 Mo. 107; *Bott v. Pratt*, 33 Minn. 323. It must be noted, however, that the cases that support this rule carefully differentiate between such ordinances and ordinances where the duties enjoined are due to the municipality or to the public at large. As to this class of ordinances the authorities are almost, if not quite, unanimous that no cause of action arises to an individual against one who neglects to perform the duties enjoined. *Sluder v. St. Louis Transit Co., supra; Bott v. Pratt, supra; Jackson v. Kansas City, Ft. S. & M. R. Co.*, 157 Mo. 621, 80 Am. St. Rep. 650; *Heeney v. Sprague*, 11 R. I. 456, 23 Am. Rep. 502; *Philadelphia & R. R. Co. v. Ervin*, 89 Pa. St. 71, 33 Am. Rep. 726; *Flynn v. Canton Co.*, 40 Md. 312, 17 Am. Rep. 603; *Kirby v. Boylston Market Ass'n*, 14 Gray (Mass.) 249, 74 Am. Dec. 682; *Hay v. City of Baraboo*, 127 Wis. 1; *Selleck v. Tallman*, 93 Wis. 246; *Toutloff v. City of Green Bay*, 91 Wis. 490; *Moore v. Gadsden*, 93 N. Y. 12; *Fielders v. North Jersey Street R. Co.*, 68 N. J. Law, 343; *City of Rochester v. Campbell*, 123 N. Y. 405; *City of Hartford v. Talcott*, 48 Conn. 525.

In *Fielders v. North Jersey Street R. Co., supra*, the court say: "We find running through the adjudicated cases a rule of construction almost universally adopted, that where the provisions of an ordinance are intended not for the benefit of protection of individuals compris-

Hanley v. Fireproof Building Co.

ing the public, but for the benefit of the municipality as
an organized government, and more particularly if they
impose upon property owners the performance of a part
of the duty of the municipality to the public, a legis-
lative intent is indicated that a breach of such ordinance
shall be remediable only at the instance of the municipal
government or by enforcement of the penalty prescribed
therein, and that there shall be no right of action to an
individual citizen especially injured in consequence of
such breach."

It remains for us to determine to which class of or-
dinances the one in question belongs. Was it passed by
the city of Omaha to provide for the safety and protect
the lives of persons traveling the streets, or was it passed
by such city for the purpose of imposing upon property
owners a part of the duty of the municipality to the
public for the benefit, not primarily of the individuals
comprising the public, but of the municipality itself.
This question is easily answered. Keeping in mind that
the fee of the streets and sidewalks is in the municipality,
that the duty of keeping such streets and sidewalks in
safe condition for travel rests primarily upon the mu-
nicipality, that the accumulation of ice and snow on the
sidewalks, while an inconvenience, is not necessarily a
menace to the safety or life of pedestrians, that its re-
moval from the miles of sidewalks usually found in a
city is impracticable and almost impossible by ordinary
governmental agencies, it seems clear that the duty of
the lot owners to remove the snow and ice is imposed by
the city as a means of carrying out its obligation to
keep the sidewalks in condition for travel, and is owed
to the general public in its corporate capacity, and not
to the individuals composing such public.

This view is amply sustained by the authorities. In
*Fielders v. North Jersey Street R. Co., supra,* the court,
immediately following the quotation set out above, say:
"The most conspicuous cases of this sort are those that
deny liability to private suit for violation of the duty im-

posed by ordinance upon abutting property owners to maintain sidewalk, pavements, or to remove ice and snow from the walks"—citing *Moore v. Gadsden,* 93 N. Y. 12; *City of Rochester v. Campbell,* 123 N. Y. 405; *Kirby v. Boylston Market Ass'n,* 14 Gray (Mass.) 249; *City of Hartford v. Talcott,* 48 Conn. 525; *Flynn v. Canton Co.,* 40 Md. 312, and *Taylor v. Lake Shore & M. S. R. Co.,* 45 Mich. 74. In *Jackson v. Kansas City, Ft. S. & M. R. Co., supra,* many other cases holding the same rule are collected and reviewed.

The appellant has cited a number of cases to the effect that the landlord owes a duty to a tenant to keep walks and approaches to a building, constructed for the use of many tenants, in a safe condition. An examination of these cases shows that the walks and approaches involved were upon the private property of the landlord. They are therefore not in point and of no assistance in this case.

The appellant contends that the accumulation of ice and snow on the sidewalk in question constituted an "attractive nuisance," and he has cited authorities to this effect. We do not see how this changes the situation. If, as we have found, the defendant owed no duty to the plaintiff to remove the ice and snow, then he would owe her no duty to prevent the creation of an "attractive nuisance" by the accumulation of ice and snow, and, owing no duty to her, he cannot be made liable to her for the failure to perform a duty he owed to the municipality.

Both the appellant and the appellee have devoted the larger part of their briefs to the question of "proximate cause." They have ably and exhaustively argued this question and have cited many cases to support their views, but as we have found that appellant has no cause of action against appellee for the injuries complained of, and that her action, if any, must lie against the city of Omaha, it is not necessary at this time to determine what was the proximate cause of the injury.

The judgment of the trial court is

AFFIRMED.