VIOLET STUMP, APPELLANT, v. LEONARD J. STRANSKY ET AL., APPELLEES.

95 N. W. 2d 691

Filed April 10, 1959. No. 34559.

*Albert S. Johnston,* for appellant.

*Marti, O'Gara, Dalton & Sheldon* and *Bernard L. Packett,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Chappell, and Boslaugh, JJ.

Simmons, C. J.

This is an action for damages brought by plaintiff for injuries caused by falling on a sidewalk in front of property owned by the defendants. At the close of plaintiff's case the court, on motion of the defendants, dismissed plaintiff's cause. Plaintiff appeals.

We affirm the judgment of the trial court.

The tenant in the house on the premises was also made a party defendant. He defaulted and is not involved in this appeal.

Plaintiff assigns that the trial court erred in sustaining the motion to dismiss; in holding that there was insufficient evidence to require the submission of the cause to the jury; in striking an allegation as to the contents of an ordinance of the city of Lincoln from the petition and in refusing its admission in evidence; and in holding that the cause was governed by the common law rule and not by statute, city charter, and ordinance provisions.

Plaintiff alleged the ownership of the property by the defendants and the tenancy, which defendants admitted by answer.

Plaintiff alleged that on December 10, 1955, at 1:30 p. m., plaintiff fell on the walk in front of the premises and was seriously injured; that the walk was coated with ice, over which was a light coating of snow that had fallen that day which concealed the ice; and that she slipped on the ice without notice or warning of its condition. She further alleged that neither the ice nor

snow had been strewn with ashes or sand or otherwise treated so as to allow pedestrians to use the walk with safety; that the coating of ice was negligently caused by defendants in allowing rain or melting snow to flow upon the walk and congeal thereon; that defendants negligently allowed the snow to remain on the ice and conceal it; and that defendants had knowledge of the ice and posted no warnings, did not remove the ice, and did not cause it to be strewn with ashes or sand or otherwise cause the walk to be in a condition for safe use.

She pleaded the charter provision; also the city ordinance, to which reference is later made in this opinion.

Defendants denied generally.

Plaintiff offered evidence that there was ice on the walk; that it was covered with a half inch of recently fallen snow; that the ice was not strewn with ashes or sand; and that she fell to her serious injury.

Plaintiff contends that the evidence was sufficient to take the case to the jury on the issue of negligence. We do not reach or decide that question. The trial court struck the allegation as to the ordinance from the petition and denied its admission in evidence. Plaintiff contends that there was error in that regard.

The city ordinance provided: "Snow and Ice Removal. Every owner or occupant of any house or other building, or the owner or proprietor, lessee, or person entitled to the possession of any vacant lot, and any person having charge of any church, jail or public hall, or public building in the City, shall, during the winter season, and during the time snow shall continue on the ground, before nine o'clock every morning clear the sidewalks in front of such lots, from snow and ice, and keep such sidewalks free from snow and ice during the day, or in case the snow and ice are so congealed that they cannot be removed without injury to the sidewalk, shall cause the said snow and ice to be strewn with ashes or sand, and shall also at all times, keep such sidewalks clear and free from all dirt or filth, or

other obstructions or encroachments, so as to allow pedestrians to use the said sidewalks with safety. Failure on the part of any person upon whom a duty is placed by the provisions of this section to perform such duty shall be deemed a misdemeanor and punishable as in this Code provided." § 39-113, 1951 Supp., Lincoln Municipal Code.

We see no substantial difference between the ordinance here involved and that involved in Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382, wherein we held: "The law of this state imposes upon the various municipal corporations thereof the duty of at all times keeping their streets and sidewalks in a reasonably safe condition for travel by the public. * * * Under the common law no duty devolved upon an abutting owner to keep the sidewalks adjacent to his property in a safe condition. * * * Where the provisions of an ordinance impose upon property owners the performance of a part of the duty of the municipality to the public and are for the benefit of the municipality as an organized government, and not for the benefit of the individuals comprising the public, a breach of such ordinance is remediable only at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby."

Plaintiff does not here contend that there is a difference. It follows then that the ruling of the trial court as to the ordinance was not erroneous.

Plaintiff contends that section 15-734, R. R. S. 1943, and the city charter provision have modified the common law rule above stated. Plaintiff further contends that the statute or charter provision was not involved in the above case.

Plaintiff advises us that the charter provision and the statute are in substantially the same language. The statute is available to our bar. Hence we quote only the charter provision.

Plaintiff contends that the charter provision and the

statute create a right of action in an individual injured against the property owner.

Assuming but not deciding that such a contention is correct, it is patent that plaintiff has not complied with the condition precedent to liability.

The language is that: "The owner * * * is * * * charged with the duty of keeping and maintaining the sidewalks * * * in a safe and sound condition, and free from snow, ice and other obstruction, and in default thereof, *upon notice* to such abutting property owner as hereinafter provided, such abutting property owner shall be liable for injuries or damages sustained by reason thereof. * * * In case such abutting property owner refuses or neglects, *after five days notice* * * * to so construct or maintain such sidewalk, the city * * * may" etc. (Emphasis supplied.) Art. VIII, § 19, Charter, City of Lincoln, Neb.

Plaintiff argues that the giving of notice is not required in this instance because the second reference to notice relates only "to so construct or maintain such sidewalk" and does not repeat "free from snow, ice and other obstruction." Neither is the "safe and sound condition" clause repeated. The contention is not persuasive. The important provision is that "keeping and maintaining the sidewalks * * * free from snow, ice and other obstruction" is made subject to the notice provision.

It is patent that the first sentence here considered is designed to define the scope of the liability created contingent "upon notice" being given. The second sentence here considered defines the nature of the notice required and the time that must elapse before the requirement of notice is satisfied so as to make the liability provision operative.

Accordingly we hold that the requirement of notice contained in Article VIII, section 19, of the Charter of the city of Lincoln, and in section 15-734, R. R. S. 1943, is a condition precedent to the operative effect of the duty of an owner of property contained in the two pro-

visions. Plaintiff does not contend that any notice was given within the requirements of the act or the charter.

The evidence here is that the sidewalk where plaintiff fell was sloping and that there was a ridge of snow along and parallel to the upper side. Plaintiff contends that this constitutes an obstruction within the definition found in Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710. Plaintiff's theory is that there could have been more snow in the ridge; that it could have melted; that it could have caused water to run across the sidewalk; that it could have frozen on the walk; and that it could have caused the ice which caused plaintiff to slip and fall.

The rule is: Presumptions and inferences may be drawn only from facts established, and presumption may not rest on presumption or inference on inference. Lebs v. Mutual Benefit Health & Accident Assn., 124 Neb. 491, 247 N. W. 19; Peabody v. Continental Life Ins. Co., 128 Neb. 23, 257 N. W. 482; Wolcott v. Drake, 162 Neb. 56, 75 N. W. 2d 107.

Other arguments advanced by plaintiff do not have sufficient relationship to the issues here presented to require discussion.

The judgment of the trial court is affirmed.

AFFIRMED.

YEAGER and WENKE, JJ., participating on briefs.