186 N.W.2d 916 (1971)
186 Neb. 834
Everen MACKEY, Appellant,
v.
MIDWEST SUPPLY COMPANY, a Corporation, Appellee.
No. 37766.
Supreme Court of Nebraska.
May 14, 1971.
*917 Charles Ledwith, Omaha, for appellant.
Fitzgerald, Brown, Leahy, McGill & Strom, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.
SPENCER, Justice.
This is an action by Everen Mackey, plaintiff, to recover for personal injuries sustained in a fall on a public sidewalk adjoining property owned by defendant, Midwest Supply Company. The trial court dismissed the action at the close of plaintiff's evidence. We affirm.
On February 8, 1969, plaintiff, who was 78 years of age, walked from his residence at 4508 North 21st Avenue, Omaha, Nebraska, to shop at a grocery store located between 24th and 25th Streets on the south side of Ames Avenue. His residence is the second house north of Ames Avenue on 21st Avenue. He went south on 21st Avenue to the south side of Ames Avenue, thence west to the store. It was twilight as plaintiff started his return journey. *918 Street lights had just come on. When he reached the southwest corner of 24th Street and Ames Avenue, the traffic light changed and he crossed to the north side and started east along the north side of Ames Avenue. When plaintiff stepped from the street onto the north sidewalk he could see it was covered with ice and snow. The area was well lighted, and he became concerned about how slippery it was and tested it by putting his foot up from the street. He walked between 30 and 39 feet east when he reached some glazed ice and his feet suddenly went out from under him and he fell on the frozen snow.
Plaintiff fell on a public sidewalk crossing what had formerly been a driveway, but which along with the rest of the adjoining property was fenced off with a 10-foot chain link fence set 6 inches inside the property line. After plaintiff fell he noticed for the first time that about 3 feet of snow was piled inside and against the fence.
The evidence clearly indicates that the north sidewalk was completely covered with ice and snow and this condition, which had existed most of the winter, was very apparent. Plaintiff knew that this condition prevailed the entire length of defendant's property. He also was aware of the fact that the sidewalk was generally slippery on the north side. Plaintiff in his brief states: "The plaintiff knew that there was snow and ice generally in the area of 24th and Ames prior to February 8, 1969 (54:20). That this condition existed was confirmed by the two eye witnesses, namely Martha M. Loftin, who testified that there was a lot of snow and ice everywhere that winter (87:13), and Monroe Stevenson, who also testified that there was a lot of snow and ice everywhere (95:17)."
Plaintiff had traversed the south side of Ames Avenue on his way to the store and had no problem. He usually walked down the south side because it was safer than the north side which was generally slippery, but on February 8, 1969, there was snow on both sides of the street.
Plaintiff complains of the exclusion by the trial court of the Omaha city ordinance pertaining to the duty of occupants and owners of adjacent real estate to clear ice and snow from sidewalks. There is no merit to plaintiff's assignment of error. Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N.W. 534, involved a similar complaint with reference to the Omaha city ordinance as it existed in 1920. That case held under the common law no duty devolved upon an abutting owner to keep the sidewalk adjacent to his property in a safe condition and that the law of this state imposes upon the various municipal corporations the duty of keeping streets and sidewalks in a reasonably safe condition for travel by the public. That case further held: "Where the provisions of an ordinance impose upon property owners the performance of a part of the duty of the municipality to the public and are for the benefit of the municipality as an organized government, and not for the benefit of the individuals comprising the public, a breach of such ordinance is remediable only at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby."
The Hanley case was reaffirmed to Stump v. Stransky, 168 Neb. 414, 95 N.W.2d 691, in which the plaintiff alleged she slipped on a coating of ice which was negligently caused by defendants in allowing rain or melting snow to flow upon the sidewalk and congeal thereon. Plaintiff there relied on a Lincoln city ordinance requiring occupants or owners to remove ice and snow. The holding in these cases is the general rule in most of the jurisdictions *919 of the United States, with the possible exception of West Virginia. See Annotation at 82 A.L.R.2d 998.
Plaintiff alleges the ice on which he fell was formed by the refreezing of water melted from snow which had been piled against the fence on the adjoining property. Even if this issue had been established, there is a question as to liability, a point we are not called upon to decide. See the Annotation, covering the deposit of snow causing ice or slippery conditions, at 71 A.L.R.2d 794. It is not necessary to meet this issue because there simply is no evidence that the plaintiff's fall resulted from the freezing or runoff water from the accumulated snow against the fence. No one testified to the condition of the walk where plaintiff fell. There was no evidence the condition at that spot was any different from the rest of the sidewalk. There is no competent evidence that water from the accumulated snow created the ice on the sidewalk at the point where the plaintiff fell. Plaintiff's evidence is fairly conclusive that there was ice at the corner where there was no accumulation of snow.
It is true plaintiff's witness Stevenson testified defendant piled snow against the fence and that on warm days it would melt, but there was not one iota of testimony that this had occurred within any relevant period. Actually, the undisputed testimony was that the weather around February 8, 1969, was otherwise. The witness Loftin testified it had snowed and was real cold. The evidence is clearly insufficient to support a charge of negligence against the defendant. Plaintiff's witnesses were agreed it had been a bad winter. There had been considerable snow and ice, and the witness Stevenson testified there was ice and snow from before Christmas up into March. The motion to dismiss was properly sustained.
The judgment is affirmed.
Affirmed.