**IT IS HEREBY ORDERED** that defendant Bil–Jax, Inc.'s Motion to Dismiss is **GRANTED.** [Doc. 6]

**2.** The Court notes that the Plaintiff does not request that the case be transferred to another district.

Elvira M. **CASSIDY**, Plaintiff,

v.

**UNITED STATES OF AMERICA/UNITED STATES POSTAL SERVICE; Real Properties MLP Limited Partnership; and RRP–DGT GP Corp., Defendants.**

**No. 7:96CV5011.**

United States District Court, D. Nebraska.

Sept. 17, 1997.

Royce E. Norman, Norman, Paloucek Law Firm, North Platte, NE, for Elvira M. Cassidy, Plaintiff.

Paul D. Boeshart, Assistant United States Attorney, Lincoln, NE, for United States of America, United States Postal Service, Defendant.

Albert M. Engles, Stephen G. Olson, II, Suzanne M. Shehan, Hansen, Engles Law Firm, Omaha, NE, for Real Properties MLP Limited Partnership and RRP–DGt GP Corp., Defendants.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

In this case brought under the Federal Tort Claims Act, Plaintiff alleges that on December 29, 1993, she slipped and fell on the ice in the patron parking area adjacent to the post office in Valentine, Nebraska. (Filing 1). Defendant United States of America/United States Postal Service, hereinafter "United States," has filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. (Filing 60). As the United States filed evidentiary materials in support of its motion, I shall treat filing 60 as a motion for summary judgment. For the reasons set forth below, I shall grant the United States' motion.[1]

1. The parties have consented to proceed before me, pursuant to 28 U.S.C. § 636. (See filing 17).

## BACKGROUND

On the morning of December 29, 1993 Plaintiff parked in the patron parking area on the north side of the post office in Valentine, Nebraska. The parking area is an area "cut out" of the sidewalk area in front of the post office to allow angle parking at street level. It was covered with a light coating of snow and Plaintiff noticed an area of ice to the east of where she parked. Plaintiff avoided this area on her way into the post office. On her return trip as she stepped off the sidewalk and into the parking area, she slipped and fell.

At the time of Plaintiff's fall Defendant United States was leasing the land on which the post office was situated from Defendant Real Properties MLP Limited Partnership and RRP–DGT Corporation. It is undisputed that the patron parking area on the north side of the post office is not within the boundaries of the property owned by Defendant Real Properties or leased by Defendant United States. (Filing 57, exhibit 1, Declaration of Jayme M. Malone, registered land surveyor). The parking area was and is owned by the City of Valentine. As a result of her fall, Plaintiff suffered injuries requiring medical treatment.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of a motion for summary judgment is to determine whether a "genuine issue of material fact" exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. 2505. A "genuine issue" regarding a material fact exists "if the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Id.*

Summary judgment is properly granted when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear no genuine issue of material fact remains and the case may be decided as a matter of law. *Greeno v. Little Blue Valley Sewer Dist.*, 995 F.2d 861, 863 (8th Cir.1993). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States' motion for summary judgment raises the following two issues: (1) whether Valentine City Ordinance § 8–201 creates a private right of action with respect to injuries sustained by a third party; and (2) whether the United States, by its actions, assumed a duty to keep the parking area free of snow and ice.[2]

### (1)

In her complaint Plaintiff claims that "[p]ursuant to § 8–201 of the Municipal Code of the City of Valentine, it is the duty of the occupant or owner of any lot or lots within the corporate limits of Valentine to keep all sidewalks and any areas between the lot line and curb line free of all snow, sleet, ice, mud, or other substances." (Filing 1 at ¶ 6). Plaintiff alleges that the defendants "failed to comply with the Valentine City code by allowing snow, sleet, mud, ice, or other substances to accumulate on the sidewalk." (Filing 1 at ¶ 6). The United States maintains that it had no duty to plaintiff based on Valentine Municipal Code § 8–201. That section states:

> It shall be unlawful for the occupant of any lot or lots or the owner of any vacant lot or lots within the corporate limits to allow snow, sleet, mud, ice, or other substance to accumulate on the sidewalks or to permit any snow, sleet, ice, mud, or other substance to remain upon said sidewalk. All sidewalks within the business district shall be cleaned within five (5) hours after the cessation of a storm, unless the storm or fall of snow shall have taken place during the night, in which case the sidewalk shall be cleaned before eight-thirty (8:30) o'clock A.M. the following day; Provided sidewalks within the residential areas of the Municipality shall be cleaned within twenty-four (24) hours after the cessation of the storm.

(Filing 57, exhibit 2, Valentine Municipal Code § 8–201).

Plaintiff's attempt to impose liability on the United States based on Valentine Municipal Code § 8–201 fails for a number of reasons. First, Plaintiff's fall occurred in the angle parking area of the street, not on the sidewalk. While plaintiff maintains that § 8–201 applies to "any areas between the lot line and curb line" (filing 1 at ¶ 6), the language of the provision is limited to "sidewalks." The Nebraska Rules of the Road define "sidewalk" as "that portion of a highway between the curb lines, or the lateral lines of

---

**2.** The United States also raises the issue of Plaintiff's negligence in failing to avoid the ice in the parking area. However, "[w]hen the evidence conflicts such that reasonable minds may draw different conclusions therefrom, the questions of negligence and comparative and contributory negligence are factual determinations." *City of*

*LaVista v. Andersen*, 240 Neb. 3, 8, 480 N.W.2d 185 (1992). As such, this issue is not appropriate for resolution in response to a motion for summary judgment. However, as I have concluded on other grounds that Plaintiff's claims fail, this issue is moot.

a roadway, and the adjacent property lines, intended for use by pedestrians." Neb.Rev. Stat.Ann. § 60–662 (Michie 1995). The parking area in which Plaintiff fell does not appear to fit the legislature's definition of a "sidewalk," as it is on the same level as the street and not separated from the street by any curb or other indicator. I conclude the area is not addressed by § 8–201.

■ Second, even in the event that § 8–201 does apply to the parking area located on city property, Plaintiff has failed to show that the ordinance creates third-party liability. The Nebraska Supreme Court has held:

> Where the provisions of an ordinance impose upon property owners the performance of a part of the duty of the municipality to the public and are for the benefit of the municipality as an organized government, and not for the benefit of the individuals comprising the public, a breach of such ordinance is remediable only at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby.

*Stump v. Stransky,* 168 Neb. 414, 417, 95 N.W.2d 691 (1959) (quoting *Hanley v. Fireproof Building Co.,* 107 Neb. 544, 186 N.W. 534 (1922)).

Section 8–201 of the Valentine Municipal Code makes no mention of a remedy for an individual injured on a sidewalk. Moreover, the statute which provides the authority for the city ordinance does not grant a city such as Valentine the authority to impose liability for injuries to a third party. Valentine is a city of the second class;[3] therefore, the authority for § 8–201 comes from § 17–577 of the Nebraska Revised Statutes. "Second-class cities and villages shall have power to prevent and remove all encroachments, including snow, ice, mud or other obstructions, into and upon all sidewalks, streets, avenues, alleys, and other city or village property...." Neb.Rev.Stat.Ann. § 17–557 (Michie 1995). Unlike similar provisions governing cities of the first class, primary class, and metropolitan class, § 17–557 does not include language giving cities of the second class authority to provide a cause of action for a third party. As such, the City of Valentine's Municipal Code does not provide a cause of action for Plaintiff. Therefore, I conclude that there is no material issue of fact regarding liability based on noncompliance with Valentine Municipal Code § 8–201.

(2)

According to the allegations in her complaint:

> The plaintiff was unaware of the icy conditions on the parking area at the time of her fall. The plaintiff's fall was a direct and proximate result of the negligence of the defendants in failing to properly clear the ice from the parking area and in failing to warn the plaintiff of the danger of the ice on the parking area.

(Filing 1 at ¶ 4). In her Brief in Opposition to Defendants' Motions for Summary Judgment, Plaintiff elaborates on the general allegation of negligence contained in her complaint. Plaintiff contends that even in the event that Valentine Municipal Code § 8–201 does not impose a duty on the United States to maintain the parking area, the United States is liable to her for her injuries.

Plaintiff argues that the United States' liability is based on the premise that "even where an individual or entity does not have a legal duty to act, where they elect to act they must act with reasonable care." (Plaintiff's Brief at 6). Plaintiff's argument is based on her contention that the United States "ha[s] controlled, utilized, and assumed care and responsibility for the property outside of its property boundaries on a consistent and regular basis." *Id.* Plaintiff proceeds to set out a list of actions, including snow and ice removal, taken by the United States with respect to the sidewalks, driveway, alleys, and parking areas.[4]

---

3. The 1992–93 Nebraska Blue Book reports that Valentine had a population of 2,826 according to the 1990 census. "All cities, towns, and villages containing more than eight hundred and not more than five thousand inhabitants shall be cities of the second class...." Neb.Rev.Stat.Ann. § 17–101 (Michie 1995).

4. Plaintiff alleges that "[a]s indicated by the records of the city, it was anticipated that the government and the owner of the property would be responsible for the maintenance of the area outside the property lines to the street as they had designed that area and built it for their own special use." (Plaintiff's Brief at 11–12). How-

Plaintiff's reliance on the cases cited in her brief is misplaced. In *Weber v. Towner County*, 565 F.2d 1001 (8th Cir.1977), the defendant county "undertook for payment the repair of a washed out road...." *Id.* at 1010. The plaintiffs were injured when their camper confronted the washed out portion of the road. The only warning sign was attached to a truck wheel and was found lying in the ditch. The Eighth Circuit held that "[t]he county, by its actions in undertaking the repairs, induced the township to rely on its undertaking and to forego other remedies against the risk posed by the unguarded washout." *Id.*

In *Wickersham v. State*, 218 Neb. 175, 354 N.W.2d 134 (1984) the plaintiff alleged that the Nebraska Department of Agriculture acted negligently in its failure to take specific actions to prevent plaintiff's losses resulting from the exposure of the plaintiff's cattle to brucellosis, a highly contagious disease. The Nebraska Supreme Court held:

> Once the State did in fact act, namely, inspect the suspected ... cattle and make tests which provided confirmation of brucellosis, the State was obligated to use due care in protective measures against the confirmed brucellosis. When one under no obligation to act does undertake action, one must act with reasonable care.

*Id.* at 181, 354 N.W.2d 134.

Unlike *Weber* and *Wickersham*, however, Plaintiff's claim is not that the United States cleared the snow in a negligent manner, but that it did not clear the snow at all. Plaintiff has provided no case law supporting her contention that once an individual or entity acts in a situation in which there is no duty to act, there is a continuing duty to act in similar but subsequent situations.

To the contrary, in *Peterson v. State Automobile Ins. Ass'n*, 160 Neb. 420, 70 N.W.2d 489 (1955) the Nebraska Supreme Court found no such obligation. In *Peterson* the plaintiff's automobile insurance expired on the day preceding an automobile accident involving the formerly insured vehicle. The

plaintiff's insurance agent had not notified the plaintiff of the impending expiration and had not ordered a renewal policy, as he had in past dealings with the plaintiff and other customers, because the agent had not been so notified by the defendant insurance company. The agent "as a general rule received a notice from the [defendant's district manager or agent in Lincoln] ahead of time informing him of the date when a given policy would expire." *Id.* at 423, 70 N.W.2d 489. The court held:

> Although inaction as well as action may be negligence, mere inaction does not constitute negligence in the absence of a duty to act. Even though a duty has been undertaken, if such undertaking was purely gratuitous, negligence cannot be predicated on abandonment of or failure to perform, such duty.

*Id.* at 428, 70 N.W.2d 489 (quoting 65 C.J.S. Negligence, § 18)

The relevant question in the instant case is, did the United States undertake an action with respect to the removal of the ice and snow in the parking area on December 29, 1993, thereby obligating it to act reasonably? Employees of the United States Postal Service stated in their depositions that they had, on occasions in the past, taken efforts to remove snow from the patron parking area located on the north side of the post office. Jerry Olson, a maintenance worker at the post office at the time of plaintiff's fall, testified that during the time he performed maintenance for the post office he used a snow blower to clear the snow out of the patron parking area on occasions when there was a heavy snow and it had not been packed down by traffic. (Filing 57, exhibit 4, Deposition of Jerry Olson at 16). Mr. Olson further testified that he felt that it was the city's responsibility to remove the snow from the patron parking area on the north side of the post office and that he had removed it on occasions prior to the date of plaintiff's fall "[o]nly out of concern for the safety of the public." (*Id.* at 20–21). Mr. Olson did not

---

ever, plaintiff does not submit any city "records" to support this assertion. The only support for this allegation appears to be in the form of a letter written by the Valentine City Attorney and

which is addressed to Rick Medema, city manager of Valentine. The letter is attached as an exhibit to Mr. Medema's affidavit. (Filing 73, exhibit B).

testify that he had made any efforts to clear the snow or ice from the parking area on the date of Plaintiff's fall, December 29, 1993.

Roderick Bordeaux was postmaster at the Valentine post office on December 29, 1993. In his deposition he testified that for a period of time the city had maintained the parking area on the north side of the post office, with respect to snow and ice removal. Mr. Bordeaux testified that the city stopped providing those services, without notice to the post office, in the late 1980's. (Filing 57, exhibit 5, Deposition of Roderick Bordeaux at 27–28, 76). He further testified that he had removed snow from the parking area when he had thrown snow on that area in an attempt to clean off the adjoining sidewalk. (*Id.* at 28). Mr. Bordeaux testified that he did not recall if there had been any effort to remove snow from the parking area on the day that plaintiff fell, December 29, 1993. (*Id.* at 62).

Plaintiff presents no evidence that the United States made any efforts to clear the parking area of snow and ice on December 29, 1993, the date of plaintiff's fall. As such, plaintiff has failed to show that the United States had a duty to use reasonable care with respect to the conditions of the parking area on that date. Since it is Plaintiff's burden to demonstrate such a duty, her failure to produce evidence on it dooms her claim. *Celotex, supra,* at 322–23, 106 S.Ct. 2548.

## CONCLUSION

No "genuine issue of material fact" exists as to either issue, and the United States is entitled to judgment as a matter of law.

**IT THEREFORE HEREBY IS ORDERED** that Defendant United States' motion for summary judgment (filing 60), is granted.