■ ROSE VRABEL, Appellant, v CITY OF NEW YORK, Defendant, and SYLVIA RUBENSTEIN et al., Respondents. [764 NYS2d 111] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated September 5, 2002, which granted the motion of the defendants Sylvia Rubenstein and Isidore Rubenstein, and the separate motion of the defendant Permis Construction Corporation, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly tripped and fell on a brick sidewalk in front of a candy store located near the corner of Bay Street and Water Street in Staten Island. She claims that she fell due to a raised condition at the place where the decorative brickwork met the concrete portion of the sidewalk. The decorative brickwork had been installed as part of a municipal beautification project undertaken in the area of Tappan Park. The plaintiff commenced this action against the City of New York, Sylvia Rubenstein and Isidore Rubenstein (hereinafter the Rubensteins), the owners of the premises, and Permis Construction Corporation (hereinafter Permis), the contractor retained by the City to install pedestrian ramps in the area. The Supreme Court granted the respective motions of the Rubensteins and Permis for summary judgment dismissing the complaint insofar as asserted against them finding that the plaintiff failed to raise a triable issue of fact.

"It is the well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (*Hausser v Giunta,* 217 AD2d 604, 605 [1995], *revd* 88 NY2d 449 [1996]). Here, after the Rubensteins made out a prima facie case for summary judgment, the plaintiff failed to raise a triable issue as to any of the necessary elements to impose liability upon the Rubensteins. There is no evidence indicating that the

Rubensteins created the defective condition. Additionally, Administrative Code of City of NY § 19-152 does not expressly impose liability for injuries resulting from a breach of the duty to maintain the public sidewalk (*see Sharif v City of New York*, 256 AD2d 111 [1998]). While the plaintiff claims that the decorative brickwork constituted a special use of the public sidewalk, there is no evidence that the Rubensteins derived a "special benefit" unrelated to the public use (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292 [1988]) or different from that conferred on the public at large (*see Thomas v Triangle Realty Corp.*, 255 AD2d 153 [1998]).

The plaintiff also failed to raise a triable issue of fact in opposition to Permis's prima facie showing of entitlement to summary judgment. The unrefuted evidence demonstrated that Permis did not perform brickwork as part of its contract and did not install any pedestrian ramps in the location where the plaintiff allegedly fell. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.