CHERI R. DEAN, APPELLANT, V.
SHARON K. YAHNKE, APPELLEE.
670 N.W.2d 28

Filed October 3, 2003.    No. S-02-925.

Richard H. Hoch, of Hoch, Funke & Kelch, for appellant.

Kelly K. Brandon, and, on brief, Thomas A. Otepka, of Woodke, Otepka & Gibbons, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This is a negligence action in which appellant, Cheri R. Dean, alleged that she injured herself when she fell due to a break "between the cement" in the public sidewalk abutting property owned by appellee, Sharon K. Yahnke, in Peru, Nebraska, a city of the second class. After a hearing on Yahnke's motion for summary judgment, the district court found that under the city's ordinances, the city had failed to "shift" the duty to maintain the sidewalk from the city to Yahnke because the city failed to provide proper notice to Yahnke. The court therefore determined that Yahnke owed no duty to Dean to repair the sidewalk. The court sustained Yahnke's motion for summary judgment and dismissed the case. Dean appeals.

## BACKGROUND

In August 1997, Yahnke wrote to the mayor and city council of Peru, requesting that the city pay for half of the cost to replace the street curb and sidewalk in front of her property. In September, the city council considered Yahnke's request. The city council voted to replace the curb, but only after Yahnke had made the sidewalk repairs herself, which the council determined was her responsibility under the applicable city ordinances. The mayor notified Yahnke of the council's decision. After this communication from the mayor, Yahnke wrote to the mayor on two other occasions to ask the city to go forward with the curb repairs. The city refused to do so until Yahnke had made the sidewalk repairs. The sidewalk repairs were never made.

In August 2001, Dean filed a petition in Nemaha County District Court, alleging that in April 2000, she was injured when she fell on the sidewalk in front of Yahnke's property due to a break "between the cement." Dean alleged that the break in the cement was concealed, that Yahnke knew or should have known of the dangerous condition of the sidewalk, and that Yahnke's negligence was the proximate cause of Dean's injuries. Dean also alleged that Yahnke had violated the city's ordinances by failing to maintain the sidewalk in a safe condition and was therefore liable for Dean's injuries. Dean did not allege that the sidewalk's condition was the result of Yahnke's affirmative wrongdoing or negligent use of the sidewalk for an unintended purpose.

In July 2002, Yahnke filed a motion for summary judgment, contending she had no duty to repair the sidewalk. In support of her motion, Yahnke offered an affidavit averring that she had never received written notice to repair the sidewalk pursuant to Peru Mun. Code § 8-204 (1986). After a hearing on the motion, the district court found that although Yahnke had knowledge of the sidewalk's condition, the city was required to comply with Peru Mun. Code § 8-203 (1986) and § 8-204 before it could "shift" to Yahnke its duty to maintain the sidewalk. Section 8-203 provides in part:

> Every owner of any lot . . . shall at all times keep and maintain the [abutting] sidewalk . . . in good and proper repair, and in a condition reasonably safe for travel for all travelers thereon. In the event that the owner . . . shall fail to construct or repair any [abutting] sidewalk . . . within the time and in the manner as directed and required herein after having received due notice to do so, they shall be liable for all damages or injury occasioned by reason of the defective or dangerous condition of any sidewalk, and the Governing Body shall have power to cause any such sidewalks to be constructed or repaired and assess the costs thereof against such property.

Section 8-204 provides in part:

> The Municipal official in charge of sidewalks may require [them] to be repaired. Notice to the owners of property upon which such sidewalks in disrepair are located shall require within twenty-four (24) hours from issuance of notice said

owners to make arrangements to have the sidewalk repaired. Said repairs shall be completed within fourteen (14) days after issuance of said notice. No special assessment shall be levied against the property unless said owner shall neglect or refuse to repair within the time prescribed and in the event that such owner fails to repair, the Municipality shall cause the repairs to be made and assess the property owner the expense of such repairs.

The court then found that the communications between Yahnke and the city pertaining to Yahnke's request to split the repair costs for the sidewalk did not satisfy the notice provisions of the ordinances. The court reasoned that since the city had never notified Yahnke that she had 24 hours to make arrangements for sidewalk repairs and 14 days to complete the repairs, the duty to repair the sidewalk never shifted to Yahnke and remained with the city. Therefore, Yahnke owed no duty to Dean. Yahnke's motion for summary judgment was granted, and the case was dismissed.

## ASSIGNMENTS OF ERROR

Dean assigns, restated and reordered, that the district court erred in granting Yahnke's motion for summary judgment for the following reasons: (1) The court improperly placed the burden on Dean to prove that Yahnke had received due notice from the city to make repairs, (2) Yahnke presented no evidence of the type of notice required under the Peru Municipal Code and Nebraska statutes, and (3) the court failed to find that there were genuine issues of material fact regarding (a) the city's notice to Yahnke of the dangerous condition existing upon her property and (b) Yahnke's actual knowledge of the sidewalk's condition and her duty to make repairs.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Farmland Serv. Co-op v. Southern Hills Ranch, ante* p. 382, 665 N.W.2d 641 (2003).

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the

conclusion reached by the trial court. *Fox v. Nick*, 265 Neb. 986, 660 N.W.2d 881 (2003). Statutory interpretation presents a question of law. *Id.* Whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation. *Breeden v. Anesthesia West*, 265 Neb. 356, 656 N.W.2d 913 (2003).

## ANALYSIS

Dean contends that the Peru Municipal Code does not specify the meaning of "due notice" and that it was not her burden to prove that actual notice was or was not required or given. She contends that the notice provision was satisfied by Yahnke's knowledge of the sidewalk's condition and the city's notification that Yahnke must make the repairs at her own expense. Yahnke contends that absent notice from the city in conformance with § 8-204 of the Peru Municipal Code, she owed no duty to Dean. We find it unnecessary to address whether the notice provisions of the municipal code were satisfied because we determine that in any event, the city was not authorized to "shift" to abutting property owners its duty to maintain its sidewalks.

■ All ordinances are presumed to be valid. However, the power of a municipality with a legislative charter to enact and enforce any ordinance must be authorized by state statute. See *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). See, also, *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003) (defining legislative charter). Under the common law, "no duty devolved upon an abutting owner to keep the sidewalks adjacent to his property in a safe condition for travel" because "the fee of the streets and sidewalks is in the municipality," which has the primary duty of keeping them in a safe condition for travel. *Hanley v. Fireproof Building Co.*, 107 Neb. 544, 546, 549, 186 N.W. 534, 535-36 (1922). An abutting property owner could be liable for injuries caused by defective sidewalks only when the condition was the result of the owner's affirmative wrongdoing or negligent use of the sidewalk for a purpose other than its intended use. See *Andresen v. Burbank*, 157 Neb. 909, 62 N.W.2d 135 (1954). An ordinance delegating to property owners a part of a city's duty to maintain sidewalks is insufficient to impose liability on the owner for

injuries resulting from a violation of the ordinance. See, *Mackey v. Midwest Supply Co.*, 186 Neb. 834, 186 N.W.2d 916 (1971); *Hanley, supra.* Because the delegation of sidewalk maintenance to property owners is for " 'the benefit of the municipality as an organized government and not for the benefit of the individuals comp[o]sing the public, a breach of such ordinance is remediable only at the instance of the municipal government, and no right of action accrues to an individual citizen especially injured thereby.' " *Mackey*, 186 Neb. at 837, 186 N.W.2d at 918; *Stump v. Stransky*, 168 Neb. 414, 95 N.W.2d 691 (1959) (quoting *Hanley, supra*).

If, however, the Legislature enacts a statute imposing liability on property owners for failing to repair a dangerous sidewalk condition upon notice to do so, the resulting cause of action will be recognized. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996). In the absence of such a statute, a city of the second class cannot independently impose liability on property owners.

Legislative charters are always grants of power that are strictly construed. *Kubicek v. City of Lincoln*, 265 Neb. 521, 658 N.W.2d 291 (2003). "The well-established general rule is that a municipal corporation cannot create by ordinance a right of action between third persons or enlarge the common law or statutory duty or liability of citizens among themselves." 6 Eugene McQuillin, The Law of Municipal Corporations § 22.01 at 388 (3d ed. 1998 & Cum. Supp. 2003). This court has held:

> "The . . . various municipal corporations [of this state have] the duty of at all times keeping their streets and sidewalks in a reasonably safe condition for travel by the public, and no municipal corporation, *by any act of its own*, can devolve this duty on another so as to relieve itself from a liability resulting from its failure to perform such duty."

(Emphasis supplied.) *Hanley*, 107 Neb. at 546, 186 N.W. at 535. See, also, *Cassidy v. U.S./U.S. Postal Service*, 5 F. Supp. 2d 1040 (D. Neb. 1997); *Rod Rehm, P.C. v. Tamarack Amer.*, 261 Neb. 520, 522, 623 N.W.2d 690, 693 (2001) (discussing " 'sidewalk rule' " in dicta); *Stump, supra.*

Peru is a city of the second class, and the legislation delineating a second-class city's grant of power is found in chapter 17 of the Nebraska Revised Statutes. See Neb. Rev. Stat. §§ 17-501 to

17-572 (Reissue 1997 & Cum. Supp. 2000). As with other classes of cities, a second-class city is charged with keeping the streets and commons open and in repair. See § 17-567(1). In regard to sidewalks specifically, a second-class city is authorized to keep sidewalks free from encroachments and obstructions, and to assess costs to property owners who neglect or refuse to do so after notice. See §§ 17-555 and 17-557.01. A second-class city is also authorized to make sidewalk repairs and assess the expense to the abutting property owner after notice by publication or written notice to the owner. See § 17-522. However, unlike the legislative charters for metropolitan, primary, and first-class cities, no section of chapter 17 authorizes second-class cities to delegate the duty of sidewalk maintenance and repairs to owners or mandates that owners shall be liable for injuries to pedestrians if they fail to maintain or repair sidewalks. Cf., Neb. Rev. Stat. § 14-3,105 (Reissue 1997) (owner "shall be given notice to construct or repair [abutting] sidewalk" before city can undertake to do so); Neb. Rev. Stat. § 14-3,106 (Reissue 1997) (owners "shall be liable for all damages or injuries" if they "fail to construct or repair [abutting] sidewalk as directed"); Neb. Rev. Stat. § 15-734 (Reissue 1997) (abutting owner "is hereby primarily charged with the duty of keeping and maintaining sidewalks" and is "liable for injuries or damages" upon satisfaction of notice provision to make repairs); Neb. Rev. Stat. § 16-661 (Reissue 1997) (mayor and council may "cause and compel the construction and repair" of sidewalks); Neb. Rev. Stat. § 16-662 (Reissue 1997) (owners "shall be liable for all damages or injury" if they fail to comply with notice to "construct or repair [abutting] sidewalk").

The city of Peru cannot shift to an abutting property owner by its own action liability for injuries caused by a sidewalk in disrepair. In contrast to cities of the metropolitan, primary, and first class, the Legislature has not authorized a city of the second class to delegate its duty to maintain sidewalks or to impose liability upon abutting property owners. To the extent the ordinances of the city of Peru attempt to do so, they are invalid.

## CONCLUSION

■ Yahnke owed no duty to Dean to maintain the public sidewalk. Although our reasoning differs from that used by the district

court, the court did not err in finding that Yahnke owed no duty to Dean and was therefore entitled to judgment as a matter of law. Where the record adequately demonstrates that the decision of the trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *Jessen v. Malhotra, ante* p. 393, 665 N.W.2d 586 (2003). Because this holding is dispositive, we need not address the remaining assignments of error. The judgment of the district court is affirmed.

AFFIRMED.

STEPHAN, J., not participating.