MARY DAVIES, Respondent, v CITY OF NEW YORK, Respondent, and ESTHER KASS, Appellant. [794 NYS2d 407]—

In an action to recover damages for personal injuries, the defendant Esther Kass appeals from an order of the Supreme Court, Queens County (Flug, J.), dated August 9, 2004, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly tripped and fell on concrete paving stones located between the paved concrete sidewalk and the street in front of the defendant Esther Kass's property.

" 'It is the well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner cre-

ated the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty' " (*Vrabel v City of New York*, 308 AD2d 443 [2003], quoting *Hausser v Giunta*, 217 AD2d 604, 605 [1995], *revd on other grounds* 88 NY2d 449 [1996]; *see D'Ambrosio v City of New York*, 55 NY2d 454 [1982]; *Roark v Hunting*, 24 NY2d 470, 475 [1969]). Here, after Kass established her entitlement to judgment as a matter of law, in opposition, neither the plaintiff nor the defendant City of New York raised a triable issue of fact indicating that Kass either created any alleged defective condition or made any special use of or derived any particular benefit from the subject paving stones (*see Vrabel v City of New York, supra; Figueroa v City of New York*, 227 AD2d 373, 374 [1996]). Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.