**Johnene L. FOSTER, Plaintiff–Appellant,**

v.

**Timothy J. REDD, DC, and Redd Chiropractic, a/k/a Dr. Redd's Chiropractic Center, Defendants–Appellees.**

**No. 04CA1963.**

Colorado Court of Appeals, Div. I.

Dec. 1, 2005.

Griff, Larson, Laiche & Brennan, Luke A. Brennan, Grand Junction, Colorado, for Plaintiff–Appellant.

James R. Alvillar & Associates, James R. Alvillar, Grand Junction, Colorado, for Defendants–Appellees.

WEBB, J.

Plaintiff, Johnene L. Foster, appeals the summary judgment entered in favor of defendants, Timothy J. Redd, DC, and Redd Chiropractic, rejecting her negligence per se claim alleging that defendants violated a city ordinance requiring sidewalk maintenance. We affirm.

Plaintiff accepts the trial court's finding that the following facts are undisputed: plaintiff left defendants' chiropractic clinic and walked across the public sidewalk toward her vehicle, which was parked at the curb; she stepped on a part of the curb that was damaged, fell, and injured herself; the curb damage had existed for at least five years before the accident; plaintiff knew of the curb damage before she tripped and fell; defendants neither caused nor contributed to the curb damage; and the City of Montrose owns the curb.

We review a summary judgment de novo, *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998), and consider the facts in the light most favorable to the nonmovant. *Red-*

*mond v. Chains, Inc.,* 996 P.2d 759 (Colo. App.2000).

## I.

Plaintiff first contends the trial court erred in granting summary judgment on her claim of negligence per se, which was based on defendants' alleged violation of a Montrose city ordinance. We disagree.

■ Negligence per se arises from violation of a statute or ordinance that establishes a defendant's breach of a duty owed to the plaintiff, thus conclusively proving negligence. *See Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986). The plaintiff must show that the defendant violated the statutory standard, that this violation proximately caused the injuries at issue, and that the plaintiff "is a member of the class which the statute or ordinance was intended to protect and that his injuries are of the type it was enacted to prevent." *Bittle v. Brunetti,* 750 P.2d 49, 55 (Colo.1988); *see also Largo Corp. v. Crespin, supra.*

■ Plaintiff argues that defendants are liable for negligence per se based on Montrose City Ordinance § 9–1–1, which provides that owners and occupants of property in the City of Montrose "shall keep the sidewalk and alleys and gutters adjoining such property clean, in good repair and in safe condition; and after any fall of snow shall cause the snow to be immediately removed from the sidewalk adjoining their respective lots into the street." We are not persuaded.

In *Bittle v. Brunetti, supra,* the court rejected a negligence per se claim based on a snow removal ordinance and reaffirmed the rule that owners of abutting property have no common law duty to keep the public sidewalks reasonably clear of snow and ice. The court explained: "[T]he long history of our common law no duty rule creates a presumption of reliance on that rule and renders automatic application of the negligence per se doctrine inappropriate." *Bittle v. Brunetti, supra,* 750 P.2d at 58.

In rejecting the negligence per se claim, the *Bittle* court considered the following factors: changes in circumstances since the development of the common law no duty rule;

legislative intent to create or deny a private cause of action; the effect liability would have on the policies underlying the ordinance; the parties' reasonable expectations; the severity of the offense; and the fault of the offender.

The *Bittle* court concluded that in the absence of an express provision creating a private cause of action against abutting owners, a snow removal ordinance imposing only a penalty does not support application of the negligence per se doctrine. The court reasoned: "While the ordinance obviously benefits pedestrians indirectly, in light of the common law no duty rule we conclude that the ordinance should be understood as one intended primarily to benefit the municipality by helping it to perform its duty to keep the public sidewalks safe." *Bittle v. Brunetti, supra,* 750 P.2d at 58.

No reported Colorado appellate decision has addressed the liability of an adjoining owner for injuries caused by an unsafe sidewalk, other than in the snow removal context. The ordinance at issue in *Bittle v. Brunetti, supra,* only required adjoining owners to maintain sidewalks and curbs "in a clean condition and to remove snow." The Montrose ordinance also requires that adjoining owners keep the sidewalks, alleys, and gutters "in good repair and in safe condition."

Plaintiff does not cite any authority limiting the rationale of the *Bittle* line of cases based on the difference between snow removal and sidewalk repair. This difference does not persuade us to depart from *Bittle. See, e.g., Carroll v. Jobe,* 638 N.E.2d 467 (Ind.Ct. App.1994) (finding no logical difference for purposes of imposing civil liability between a statute requiring an abutting owner to remove snow and ice from a sidewalk and one requiring a landowner to maintain and repair a sidewalk).

■ Moreover, "[i]t is a well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises ... unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure

to perform that duty." *Davies v. City of New York,* 18 A.D.3d 420, 794 N.Y.S.2d 407, 408 (N.Y.App.Div.2005)(quoting *Vrabel v. City of New York,* 308 A.D.2d 443, 764 N.Y.S.2d 111, 113 (N.Y.App.Div.2003)); *see also Dreher v. Joseph,* 60 Conn.App. 257, 759 A.2d 114 (2000); *Carroll v. Jobe, supra; Dean v. Yahnke,* 266 Neb. 820, 670 N.W.2d 28 (2003); *Acosta v. City of Santa Fe,* 129 N.M. 632, 11 P.3d 596 (Ct.App.2000). *See generally* C. Jhong, Annotation, *Liability of Abutting Owner or Occupant for Condition of Sidewalk,* 88 A.L.R.2d 331 § 2[a] (1963).

Thus, as recognized in *Bittle v. Brunetti, supra,* 750 P.2d at 59, "imposing liability would do violence to people's reasonable expectations." Further, as in *Bittle,* an ordinance requiring adjoining owners to keep the city's sidewalks and curbs "in good condition" primarily benefits the municipality. And like the ordinance in *Bittle,* the Montrose ordinance imposes only a penalty but does not create civil liability for violators. Nor does plaintiff direct us to any change in circumstances since development of the no duty rule in other jurisdictions.

To the extent that plaintiff argues the trial court erred in rejecting this claim without a record illuminating the intent underlying the ordinance, plaintiff did not file a C.R.C.P. 56(f) affidavit seeking a continuance to obtain such information. Hence, this argument is foreclosed. *See In re Estate of Heckman,* 39 P.3d 1228 (Colo.App.2001).

Accordingly, we conclude the trial court did not err in granting defendants' motion for summary judgment on the negligence per se claim.

## II.

Plaintiff next contends costs of copying her records and taking her deposition should not have been awarded to defendants. We disagree.

An award of costs is within the discretion of the trial court and will not be overturned absent a clear abuse of discretion.

*Mullins v. Kessler,* 83 P.3d 1203 (Colo.App. 2003). However, the costs awarded must be reasonable. Section 13–16–122, C.R.S.2005.

Here, after a costs hearing, the trial court found all the requested costs to be reasonable and necessary to the defense of this case. We perceive no abuse of discretion. *See, e.g., Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805 (Colo.1993) (fees associated with discovery depositions awardable as costs where the deposition was reasonably necessary for development of the case); *Spencer v. United Mortgage Co.,* 857 P.2d 1342 (Colo.App.1993) (cost of discovery deposition allowed where deposition transcript was used in support of defendant's motion for summary judgment).

The judgment is affirmed.

Judge MARQUEZ and Judge METZGER * concur.